UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EUGENE DOUGLAS MANNING,

    Plaintiff

v.

DOUGLAS HERMAN, et al.,

    Defendants

CIVIL ACTION NO. **1:13-CV-01426**

(JONES, J.)
(MEHALCHICK, M.J.)

## **MEMORANDUM**

This case involves a *pro se* plaintiff, Eugene Douglas Manning, who has filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. In his original complaint (Doc. 1), Plaintiff brought claims against fifty-three defendants, alleging violations of his First, Third, Fourth Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, Twelfth, Fourteenth and Sixteenth Amendment rights. On July 12, 2013, following an initial screening of the Complaint pursuant to the Prison Litigation Reform Act of 1995, this Court directed Plaintiff to file an amended complaint in accordance with Federal Rule of Civil Procedure 20(a), properly alleging a claim under 42 U.S.C. § 1983 and only containing the claims and Defendants that are related and involving the same transactions or occurrences and have a common legal and factual basis as required by Rule 20(a). (Doc. 13).

Currently pending before the Court are Plaintiff's Motions to Stay (Doc. 25, Doc. 28, Doc. 32 and Doc. 33).[1] Additionally, pending before this Court are Plaintiff's Motion for Reconsideration to Appoint Standby Counsel (Doc. 28), and two "renewed" motions, a Motion for 15 Federal Subpoenas and Motion to Remove Specific Defendants from This Action and Add Them To *Manning v. Ross*, 1:13-CV-0831 (Doc. 26). For the reasons set forth below, the Court will deny these motions, but Plaintiff will be granted additional time to comply with this Court's Order of October 25, 2013.

I. **BACKGROUND**

On July 12, 2013, this Court issued an Order directing Plaintiff to file an Amended Complaint by July 26, 2013. (Doc. 13). On August 5, 2013, Plaintiff filed a Motion to Appoint Counsel and Extend Time to File his Amended Complaint. (Doc. 14). On September 13, 2013, this Court issued an Order denying Plaintiff's Motion to Appoint Counsel, and granting Plaintiff's Motion for an Extension of Time (Doc. 15) directing Plaintiff to file his Amended Complaint by October 14, 2013. On September 27, 2013, Plaintiff filed a Motion for Extension of Time. (Doc. 16). The Court issued an Order directing Plaintiff to file his Amended Complaint by November 13, 2013. (Doc. 17). On October 24, 2013, Plaintiff filed a Motion for Extension of Time (Doc. 20) requesting seventeen (17) additional days to file his amended

---

[1] A request for a stay of proceedings is a non-dispositive matter, subject to adjudication by a federal magistrate judge. *Ball v. SCI Muncy*, 1:08-CV-700, 2012 WL 2805019 (M.D. Pa. July 10, 2012); *Delta Frangible Ammunition, LLC v. Sinterfire, Inc.*, 2008 WL 4540394 (W.D.Pa. Oct. 7, 2008); *Simoneaux v. Jolen Operating Co.*, 2004 WL 2988506, *2 (E.D.La. Dec.15, 2004); *accord Pass & Seymour, Inc. v. Hubbell Inc.*, 532 F.Supp.2d 418, 426 n. 7 (N.D.N.Y.2007) (citations omitted).

complaint. Additionally, Plaintiff filed a Motion for Clarification (Doc. 19), requesting the Court use the exhibits he filed in his original complaint for his amended complaint. On October 25, 2013, this Court granted Plaintiff's Motion for Extension of Time and Motion for Clarification. (Doc. 22).

Plaintiff has not yet filed an Amended Complaint, but has filed Motions to Stay (Doc. 25, Doc. 28, Doc. 32 and Doc. 33), and a status report (Doc. 30) and case update (Doc. 31). In his motions and report and update, Plaintiff outlines several issues obtaining medical records, court transcripts and records, and a law book that he ordered to "help him properly amend his complaint." (Doc. 25). Most recently, Plaintiff has renewed his request for a stay, submitting that he must have surgery to address an injury he allegedly sustained in prison (Doc. 33). Plaintiff also submits that this matter should be stayed pending the outcome of a formal criminal investigation Plaintiff initiated against one of the defendants in this matter, Defendant Michael Morrow. (Doc. 33). Plaintiff has submitted updates to the Court indicating that he received his law book (Doc. 30) and some of his criminal jury trial transcripts (Doc. 31).

Plaintiff does not request a stay for any specific length of time; rather he is seeking a stay of his litigation for an indefinite period of time, until the criminal investigation is complete and his surgery is complete. Plaintiff offers no estimation of how long either of these matters will take.

## II. DISCUSSION

### A. PLAINTIFF'S MOTIONS FOR STAY

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Shrey v. Kontz*, 4:CV-10-1420, 2011 WL 94416 (M.D. Pa. Jan. 11,

2011); *citing Landis v. N. Am. Co.*, 299 U.S. 248, 254–255, 57 S.Ct. 163, 81 L.Ed. 153 (U.S.1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." 299 U.S. at 254–255. The court must consider four factors in determining whether a stay is appropriate: (1) the length of the requested stay, (2) the hardship that the moving party would face if the stay was not granted, (3) the injury the stay would inflict on the non-moving party, and (4) whether granting a stay would streamline the proceedings by simplifying the issues or promoting judicial economy. *Cunningham v. M & T Bank Corp.*, 1:12-CV-1238, 2014 WL 131652 (M.D. Pa. Jan. 14, 2014); *citing Landis,* 299 U.S. at 254–55. In deciding whether to stay a civil case pending the resolution of a related criminal case, courts consider many factors, including: (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest. *In re Adelphia Communs. Secs. Litig.*, 2003 U.S. Dist. LEXIS 9736, 7–8, 2003 WL 22358819 (E.D.Pa. May 13, 2003) (Hutton, J.), *citing Walsh Securities, Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F.Supp.2d 523 (D.N.J.1998).

  The first factor, the extent to which the issues in the civil and criminal cases overlap, has been deemed the most important threshold issue in determining whether or not to grant a motion to stay. *See State Farm Mut. Auto. Ins. Co.*, 2002 U.S. Dist. LEXIS 17896, *4, 2002 WL 31111766 (E.D.Pa. September 18, 2002) (Hutton, J.). In this case, while Plaintiff has submitted that he was interviewed by two investigators about the purported assault (Doc. 33), there is no indication that Defendant Morrow has been charged or indicted. This leads to the second factor the Court should consider, the status of the criminal proceedings. "A court is most likely to

grant a stay of civil proceedings where an indictment has been returned." *Shrey v. Kontz*, 4:CV-10-1420, 2011 WL 94416 (M.D. Pa. Jan. 11, 2011). As no indictment has been returned, the first two factors weigh against a stay in this matter.

The third and fourth factors to be considered are the plaintiff's interests, including any hardship plaintiff may face if the stay is denied, and the burden or injury to the defendants, the non-movants, if a stay is granted. In this case, although Plaintiff is seeking this Court to indefinitely stay his case, the factual averments made by Manning in his motions, and in his original complaint, present a striking case for continuing to actively pursue this matter. The allegations made by Manning detail allegedly improper actions by at least one prison official, and are grave. If true, these allegations require action by the courts. While Manning submits these facts, however, he seeks relief in the form of a stay which would not be in his interests or in the interest of justice. Moreover, there is a burden put on the numerous defendants named by Manning in his original complaint if this case were to be stayed, as several of them have been served, and have an interest in this case moving forward to resolution.

The final factors to be considered include the interests of the court, whether granting a stay would streamline the proceedings by simplifying the issues or promoting judicial economy, and any public interest. Both the public and this Court have an interest in judicial economy, and to the prompt resolution of any claims before it. Plaintiff has not provided any evidence that the issues in his case may be simplified, or that judicial economy might be promoted, if his request for an indefinite stay is granted.

Based upon consideration of the above factors, this Court will deny Plaintiff's motions for an indefinite stay in his case.

B.  PLAINTIFF'S MOTION FOR RECONSIDERATION TO APPOINT STANDBY COUNSEL

On August 5, 2013, Plaintiff filed a motion for appointment of counsel. (Doc. 14). On September 13, 2013, this Court entered an Order denying Plaintiff's motion. (Doc. 15). On November 29, 2013, Plaintiff filed a Motion for Reconsideration (Doc. 28) of this Court's Order.  For the following reasons, the Court will DENY Plaintiff's Motion for Reconsideration.

A motion for reconsideration is a device of limited utility and may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986); *Sibio v. Borough of Dunmore*, 2007 WL 1173769 (M.D.Pa.2007) (Caputo, J.). "In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Rinaldi v. Sniezek*, 2008 WL 2048661 (M.D.Pa.2008) (Rambo, J.) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D.Pa.2002) (McClure, J.) (internal citations omitted).

In this Court's Order denying Plaintiff's request for appointment of counsel (Doc.15), the Court reviewed the *Tabron* factors set forth by the Third Circuit Court of Appeals in weighing a request for the appointment of counsel.  See *Tabron v. Grace*, 6 F.3d 147, 155-157 (3d Cir. 1993). Plaintiff fails to set forth an intervening change in the controlling law, any newly available evidence, or any other clear error of law or fact or manifest injustice that might

compel this Court to reconsider its ruling. Plaintiff continues to demonstrate an ability to litigate this action *pro se*. In fact, the number of motions filed by Plaintiff presently before this Court demonstrates that this Court's previous ruling that he is able to represent himself at this juncture of the case. As such, this Court will deny Plaintiff's motion for reconsideration of its Order denying him appointment of counsel.

### C. Plaintiff's Motion for 15 Federal Subpoenas

Plaintiff moves this Court for the issuance of "15 federal subpoenas." (Doc. 26). Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." *Ballard v. Williams*, 3:10-CV-1456, 2012 WL 686207 (M.D. Pa. Mar. 2, 2012); *citing DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d Cir.1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir.1987). A court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. *Marroquin–Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir.1983). This broad discretion also extends to decisions regarding whether to issue subpoenas to pro se litigants. *Gay v. Petsock*, 917 F.2d 768, 773 (3d Cir.1990).

Plaintiff does not specify to whom these subpoenas should be directed or what specific information he is seeking, only that he "needs 15 subpoenas to obtain records for this civil action to properly amend this complaint." Plaintiff has not established how such information is necessary to file an amended complaint. The information sought by the Plaintiff may very well be information that would be more appropriately sought when and if this case proceeds to the

discovery stage of litigation. Moreover, the Court is unable to determine whether such information is necessary without further details as to the subpoenas requested. As such, Plaintiff's motion will be denied, without prejudice. Should this case proceed to discovery, Plaintiff, if appropriate, may file a new motion seeking issuance of subpoenas. His motion should indicate the number of subpoenas being sought, identify the subject of each subpoena, and provide the reasons for which each subpoena is sought.

### D. PLAINTIFF'S MOTION TO REMOVE SPECIFIC DEFENDANTS FROM THIS ACTION AND ADD THEM TO *MANNING V. ROSS*, 1:13-CV-0831

Finally, Plaintiff requests that the Court remove certain defendants from this matter, and add them as defendants in another action he has filed with this Court, *Manning v. Ross*, 1:13-CV-0831. (Doc. 26). Plaintiff's request is not in accord with the Federal Rules of Civil Procedure, and cannot be granted by this Court. If Plaintiff seeks to voluntarily dismiss certain defendants from this action, then he should file the appropriate notice of dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure, which will then be addressed by this Court. This Court does not have the authority to simply transfer defendants from one of Plaintiff's actions to another. If Plaintiff seeks to add defendants to another action, he should file the appropriate documents in that case. For these reasons, this motion will be denied.

### III. CONCLUSION

Based on the foregoing, it is hereby ordered that Plaintiff's Motions to Stay (Doc. 25, Doc. 28, Doc. 32 and Doc. 33) are **DENIED**. Additionally, Plaintiff's Motion for Reconsideration to Appoint Standby Counsel (Doc. 28), Motion for 15 Federal Subpoenas, and Motion to Remove Specific Defendants from This Action and Add Them To *Manning v. Ross*, 1:13-CV-0831 (Doc. 26) are **DENIED**. Plaintiff is given an additional sixty (60) days from the

date of this Order, or until Friday, May 9, 2014 to file an Amended Complaint in this matter in accordance with this Court's Orders dated July 12, 2013 (Doc. 13) and October 25, 2013 (Doc. 22).

An appropriate Order follows.

**BY THE COURT:**

Dated: March 10, 2014

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**