IN THE UNITED STATES DISTRIC COURT
MIDDLE DISTRIC OF PENNSYLVANIA

Eugene Douglas Manning

    Plaintiff

      vs.

Douglas Herman,et al;,

    Defendants

Civil No:1:13-cv-1426

Hon:Karoline Mehalchick

Hon:John E.Jones,III

**FILED
SCRANTON**

MAY 2 2 2014

PER _____
      DEPUTY CLERK

AMENDED COMPLAINT

IVTRODUCTORY STATEMENT

1.THIS IS AN AMENDED CIVIL RIGHTS ACTION,brought under the First,
Fourth,Fifth,Sixth,Eigth and Fourteenth amendments pursuant to
42 U.S.C. § 1983.PLAINTIFF CLAIMS SUBSTANTIAL PHYSICAL PERMANENT
INJURY,DUE TO THE UNPROVOKED,MALICIOUS SADISTIC USE OF,OUTRAGEOUS
USE OF EXCESSIVE FORCE AGAINST PLAINTIFF BY DEFENDANT MORROW,ON
JANUARY 9,2013 AT 18:30 HOURS.PLAINTIFF HAD TO HAVE SURGERY TO
ATTEMPT TO CORRECT THE MEDICAL,PHYSICAL INJURY DUE TO THIS
EXCESSIVE USE OF FORCE.PLAINTIFF HAS PERMANENT INJURY AS DIRECT
RESULT OF THIS EXCESSIVE USE OF FORCE.This amended complaint
alleges violatins of the FEDERAL ADA,Title II,section 504 of the
rehabilitation act.This complaint alleges extreme,repeated violations
of plaintiff,federal rights,and conspiracy,Commonwealth of
Pennsylvania state torts.

Plaintiff has long established,ducumented medical history and records of physical disabilities,permanent back injuries,leg injuries.On or about September 1,2012,franklin county jail officials determined plaintiff suffers from the mental disability of being anti social, having anti social patterns.Franklin county jail officials documented this determination without ever informing plaintiff that he suffers from anti social disabilities and patterns.Plaintiff alleges he has been discriminated against  due to his physical and mental health disabilities.Plaintiff continues to recover from drug addiction,having completed drug and alcohol rehabilitation in 1983. Plaintiff has not used illegal drugs since 1986.

## COLOR OF LAW

2.The defendants acted under color of law,being city,borough,county public officials and jail officials clothed with government authority that enabled the defendants to carry out and commit the alleged civil rights violations against plaintiff.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.Plaintiff has exhausted his administrative remedies with respect to all claims and defendants.

## JURISDICTION AND VENUE

4.This courts jurisdiction is invoked under 28 U.S.C.§ 1331, 28 U.S.C. § 1343,this courts supplemental jurisdiction is invoked under 28 U.S.C. § 1367.

5.A JURY TRIAL IS DEMANDED.

6.Venue is proper in the middle distric of pennsylvania,because parties,witnesses and evidence are common to franklin county which is in the middle distric of pennsylvania.

## PARTIES

7.The parties addresses are listed as of the initial

complaint,and at the time of the alleged civil rights violations by defendants.

8.Plaintiff is an adult male who resided at the franklin county jail, 1804 opportunity avenue,chambersburg,PA 17201,at the time of the alleged violations.

9.Plaintiff's current address is Eugene Douglas Manning,LB1236,301 Institution Drive,Bellefonte,PA 16823.

10.Defendant Herman is employed as a president judge for the franklin county court of common pleas,157 lincoln way east,Chambersburg,PA 17201.Defendant Herman is sued in his official and individual capacity.

11.Defendant Lagiovane is employed as mayor of the borough of Chambersburg,Pa,116 south second street,Chambersburg,PA 17201. Defendant Lagiovane is sued in his official and individual capacity.

12.Defendant Vandrew is employed as franklin county clerk of court, franklin county court of common pleas,157 lincoln way east, Chambersburg,PA 17201.

Defendant Vandrew is sued in his official and indivdual capacity.

13.Defendant Hart is employed as chief clerk,county administrator for franklin county,14 north main street chambersburg,PA 17201.

Defendant Hart is sued in his official and individual capacity.

14.Defendant Keller is employed as chief commissioner for franklin county,14 north main street,chambersburg,Pa 17201.

Defendant Keller is sued in his official and individual capacity.

15.Defendant Keen is employed as warden for the franklin county jail, 1804 opportunity avenue,Chambersburg,PA 17201.

Defendant Keen is sued in his official and individual capacity.

3

16.Defendant Morrow is employed as a lieutenant for the franklin county jail,1804 opportunity avenue,Chambersburg,PA 17201. Defendant Morrow is sued in his individual capacity.

17.Defendant Sullen is employed as a captain for the franklin county jail,1804 opportunity avenue,Chambersburg,PA 17201. Defendant Sullen is sued in his official and individual capacity.

18.Defendant Rouzer is employed as a deputy warden for franklin county jail,1804 opportunity avenue,Chambersburg,PA 17201. Defendant Rouzer is sued in his official and individual capacity.

19.Defendant Weller is employed as a deputy warden for franklin county jail,1804 opportunity avenue,Chambersburg,PA 17201. Defendant Weller is sued in her official and individual capacity.

20.Jessica Sterner is employed as a certified treatment specialist for franklin county jail,1804 opportunity avenue,chambersburg,PA 17201. Defendant Sterner is sued in her individual capacity.

21.Defendant Anthony Edwards is employed as a certified treatment specialist for franklin county jail,1804 opportunity avenue, Chambersburg,PA 17201. Defendant Edward is sued in his individual capacity.

22.Defendant Ransom is employed as a correctional officer for franklin county jail,1804 opportunity avenue,Chambersburg,Pa 17201. Defendant Ransom is sued in his individual capacity.

23.Defendant Mills Jr.is employed as a correctional officer for franklin county jail,1804 opportunity avenue,Chambersburg,PA 17201. Defendant Mills Jr. is sued in his individual capacity.

24.Defendant Staley is employed as a correctional officer for the franklin county jail,1804 opportunity avenue,Chambersburg,PA 17201. Defendant Staley is sued in his individual capacity.

24A.Defendant Ebanole is employed as a lieutenant for franklin county jail,1804 opportunity avenue,chambersburg,PA 17201 Defendant Ebanole is sued in his individual capacity.

25.Defendant John Doe or Joan Doe is employed in unknown capacity
for the franklin county jail,1804 opportunity avenue,Chambersburg,
PA 17201.

Defendant John Doe or Joan Doe is sued in their official and
individual capacity.

26.Defendant Joan Doe is employed as a medical doctor for primecare
medical inc.,the contracted medical provider for the franklin county
jail,1804 opportunity avenue,Chambersburg,PA 17201.Primecare medical
inc. list their address as 3940 Locust lane,Harrisburg,PA 17109.
Defendant Joan Doe is sued in her individual capacity.

27.Defendant Heather Mann is employed as a LPN for primecare medical
inc.,the contracted medical provider for the franklin county jail,
1804 opportunity avenue,Chambersburg,PA 17201.Primecare medical inc.
list their address as 3940 Locust lane,Harrisburg,PA 17109.
Defendant Heather Mann is sued in her individual capacity.

28.Defendant Tana Schisler is employed as a PA for primecare medical
inc.,the contracted medical provider for the franklin county jail,
1804 opportunity avenue,Chambersburg,PA 17201.Primecare medical inc.
list their address as 3940 Locust lane,harrisbirg,PA 17109.
Defendant  Schisler is sued in her individual capacity.

29.Defendant Diana Sydnor is employed as a official court reporter
for franklin county court of common pleas,157 lincoln way east,
chambersburg,PA 17201.

Defendant Sydnor is sued in her official and individual capacity.

30.Defendant Eric Deneen is employed as a probation officer for
franklin county,440 walker road,Chambersburg,PA 17201.

Defendant Deneen is sued in his official and individual capacity.

31.Defendant Vonda Shatzer is employed as a probation officer for
franklin county,440 walker road,chambersburg,PA 17201.
Defendant Shatzer is sued in her official and individual capacity.

32.Defendant Scott Thomas is employed as a public defender for
franklin county,157 Lincoln way east,Chambersburg,PA 17201.
Defendant Thomas is sued in his individual capacity.

33.Defendant Michael Toms is employed as chief public defender for
franklin county,157 lincoln way east,Chambersburg,PA 17201.
Defendant Toms is sued in his official and individual capacity.

### FEDERAL RIGHTS VIOLATED

34.Plaintiff was a pre-trial detainee from May 3,2012,through
March 14,2013.

### FIRST AMENDMENT

Plaintiff has rights under the first amendment of protected freedom
of speech,freedom of expression,protections against retaliation for
freedom of speech,freedom of expression,invasions of privacy,invasion
of attorney client privilege,acess to the courts,retaliation for acess
to the courts,interference with court claims,plaintiff has rights to
petition the government for redress of his grievances without
retaliation,plaintiff has rights of due process.

### FOURTH AMENDMENT

Plaintiff has rights under the fourth amendment to be secure in his
person,houses,papers and effects,protections against unreasonable
searches and seizures without probable cause and search warrants
supported by oath or affirmation particularly describing the place
to be searched,and the person to be seized.Plaintiff has protections
against unprovoked excessive use of force to seize his person,done
in retaliation for exercising constitutional rights, done
maliciously and sadistically to cause harm,having no security,no
lawful or penological interests.Plaintiff has rights of body liberty
not being violated,with outrageous, reckless willfull,wantonly for
exercising constitutional rights.Plaintiff has rights against calculated
harassment.

## FIFTH AMENDMENT

Plaintiff has rights of protections under the fifth amendment against subjection for the same offense to be twice put in jeopardy of life, limb,nor shall plaintiff be compelled in any criminal case to be a witness against himself,nor be deprived of life,liberty or property without due process of law,nor shall private property be taken for public use without just compensation.Plaintiff has rights of privacy, the right of self pro se legal representation.

## SIXTH AMENDMENT

Plaintiff has rights of protections under the sixth amendment to a speedy trial by impartial jury,and to be informed of the nature and cause of the accusations against him,to be confronted with the witnesses against him,to have compulsory process for obtaining witnesses in his favor,to have assistance of counsel,and the right to legal self pro se representation,and right of privacy.

## EIGHT AMENDMENT

Plaintiff has rights of protections under the eight amendment against excessive bail,excessive fines,and cruel and unusual punishment. Plaintiff has rights of protections against outrageous,unprovoked, excessive use of force to seize his person,being done maliciously and sadistically to cause harm,having no security,lawfull and no penological interests.Plaintiff has rights of reasonable,adequate medical and mental health treatment,not being denied with deliberate indifference.Plaintiff has rights of body liberty not being violated, recklessly,wantonly for the exercising of constitutional rights.

## FOURTEENTH AMENDMENT

Plaintiff has rights of protections under the fourteenth amendment against laws,the enforcement of laws which shall abridge the

privileges or immunities of citizens of the united states,nor shall
any state,city,borough or county or public official thereof the
government deprive any person,plaintiff, of life liberty or property
without due process of law,nor deny any person,plaintiff,within it's
jurisdiction the  equal protections of the laws.Plaintiff has rights
of protectios of body liberty against unprovoked,outrageous excessive
use of force to seize his person,being done recklessly,wantonly,
maliciously and sadistically to cause harm,being done unprovoked
by plaintiff and having ro security,legal or penological interest,
and being done to cause harm,being done in retaliation for plaintiff
exercising constitutional rights.Plaintiff has rights of protections
against disrimination based on his physical and mental health
disabilites.

FEDERAL ADA TITLE II AND SECTION 504 REHABILITATION ACT
Plaintiff has rights of protections under the federal ada,title II,
and section 504 of the rehabilitation act against discrimination
solely based on plaintiff's physical and mental health disabilities,
Plaintiff being a physically and mentally disabled person,though
otherwise would qualify for the service,program,or activity of a
public entity.plaintiff avers safe encounters with public police
and jail officials is a right to a public entity,and plaintiff was
denied and discriminated against receiving safe encounters with
police and public officials,jail officials,base solely on his physical
and mental health disabilites,on January 9,2013 by defendant Morrow,
using unprovoked,outrageous,reckless,wanton excessive  force against
plaintiff,at 18:30 hours,being done maliciously and sadistically to
cause harm to plaintiff.Plaintiff was denied safe,peaceful encounter
with defendant Morrow on January 9,2013 at 18:30 hours.

COMMONWEALTH OF PENNSYLVANIA RIGHTS VIOLATED - STATE TORTS

35. Plaintiff has rights of protections against intentional infliction of emotional distress, invasion of privacy, intimidation of a witness-victim, retaliation against a witness - victim, harassment

### FACTS

### COUNTS-CLAIMS OF RELIEF-RELIEF REQUESTED

### A

### PLAINTIFF AGAINST DEFENDANT HERMAN

Defendant Herman is a president judge,as such,defendant Herman
is responsible for ensuring plaintiffs' FEDERAL CONSTITUTIONAL
RIGHTS are protected.Defendant Herman is responsible for ensuring
that the judicial district is in compliance with the Pennsylvania
rules of criminal procedure,other rules,and statutes,applicable
to the minor judiciary,courts,clerks of courts,and court
administrators.see exhibits:F,G,H,G,163,623.

### FACTS

36.Plaintiff was aressted May 3,2012 and placed in the custody of
defendant Keen,the franklin county jail and defendant franklin
county,as a pre trial detainee,with fifty thousand dollars bail,
see exhibit : 337,C.

37.Plaintiff had his cell phone,cash,doctor prescribed medication
in his poeseesion.see exhibit:337

38.On May 4,2012 plaintiff was charged with another criminal count,
see exhibit:D.

39.These bails totalling seventy five thousand dollars were paid in
full,see exhibits:C,D.

40.On May 8,2012 a bail revocation hearing was held for plaintiffs'
arrest on September 7,2011,see exhibit:E.

41.On may 8,2012 plaintiffs' bail was raised for the September 7,2011
arrest,from five thousand to two hundred seventy five thousand dollars,
though not entered into the official court records.

42.On May 8,2012,defendant was appointed STANDBY COUNSEL,defendant
Thomas,by defendant Herman.see exhibit:59.

43.On May 9,2012 defendant Herman knowingly permitted and accepted defendant Thomas illegally,unconstitutionally waiving pro se attorney of record,plaintiffs' sixth amendment right to a speedy trial.see exhibits:686,59,229,685.

44.Plaintiff was pro se attorney of record since the initial preliminary hearing for count 1674-2011 on September 13,2011.

45.Plaintiff was not in court on May 9,2012,or aware of this court hearing concerning plaintiff.

46.Plaintiff was not made aware of this waiver of his sixth amendment on May 9,2012,until the commonwealth filed their answer to plaintiffs' motion for his sixth amendment on January 17,2013.

47.Plaintiff alleges defendant Herman on May 9,2012,acted with willful misconduct and malice in permitting plaintiffs' sixth amendment to be waived,as less than twenty four hours earlier defendant Herman appointed plaintiff standby counsel,and witnessed  pro se plaintiff refuse the appointment of counsel.

## COUNT ONE -CLAIM OF RELIEF

48.The actions of defendant Herman on May 9,2012,permitting and accepting stanby counsel to waive plaintiffs' sixth amendment right to a speedy trial,without plaintiffs' knowledge or consent,violated plaintiffs first amendment of acess to the courts,denied plaintiff his right to petition the government for redress of his grievances, denied plaintiff his right of protected freedom of legitimate speech and freedom of expression,and constitute interference with court claims,being done with deliberate indifference by defendant Herman.

## RELIEF REQUESTED

49.Plaintiff seeks one hundred thousand dollars in damages from defendant Herman for violating plaintiffs' first amendment on on May 9,2012.

## COUNT TWO-CLAIM OF RELIEF

50.The actions of defendant Herman on May 9,2012 violated plaintiffs' fourteenth amendment of due process and equal protection of the laws, an easy accommodation would have been for defendant Herman to order a continuance until plaintiff was in court and represented himself.

### RELIEF REQUESTED

51.Plaintiff seeks one hundred thousand dollars in damages from defendant Herman for violating plaintiffs' fourteenth amendment on May 9,2012,as defendant Herman has used this waiver of plaintiffs' sixth amendment to keep plaintiff in jail and deny plantiff his sixth amendment to date. exhibit:FFF2

### FACTS

52.On June 26,2012,plaintiff began filing complaints with defendant Herman against the commonwealth and various public officials for violating plaintiffs' rights.see exhibits:75,545,554,537,495,475, 457,458,404,259,230,123,621,622,623,138,499,623,624,163,625,173,16, 626,627,478,628,347,542,401,421,398,395.

53.Defendant Herman ignored plaintiffs' complaints and requests for help.

54.The actions of defendant Herman on June 26,2011 and there after, were done with malice and willful misconduct toward plaintiff.

### COUNT THREE-CLAIM OF RELIEF

55.The actions of defendant Herman beginning on June 26,2012, ignoring plaintiff and his requests for help due to his rights being violated,constitute deliberate indifference toward plaintiff that directly resulted in plaintiffs' first amendment right to petiton the government for redress of his grievances,acess to the courts and interference with court claims.

### RELIEF REQUESTED

Plaintiff seeks one hundred thousand dollars in damages from

defendant Herman for the violations of plaintiffs' first amendment right on June 26,2012.

## COUNT FOUR-CLAIM OF RELIEF

56.The actions of defendant Herman on June 26,2012,ignoring plaintiffs' repeated requests for help due to plaintiffs' rights being violated,constitute deliberate indifference toward plaintiff by defendant herman,which was direct result of plaintiffs' fourteenth amendment rights of due process and equal protections of the laws being violated.A reasonable accommodation for plaintiff would have been for defendant Herman to address plaintiffs' concerns.

## RELIEF REQUESTED

57.Plaintiff seeks one hundred thousand dollars in damages from defendant Herman for the deliberate indifference toward plaintiff by defendant Herman which resulted in plaintiffs' fourteenth amendment being violated.                    **FACTS**

58.On December 4,2012 plaintiff began filing motions with the trial court and defendants Herman and Vandrew for criminal trial subpoenas, see exhibit:175.

59.On December 8,2012 plaintiff filed another motion with defendants Herman and Vandrew for criminal trial subpoenas so plaintiff could prepare for his criminal trial and subpoena witnesses.see exhibit:181.

60.On February 2,2013,February 4,2013,plaintiff again filed motion with defendant Herman and Vandrew for trial subpoenas for plaintiffs' criminal trial that was scheduled to begin March 12,2013.see exhibit 181.

61.On December 28,2012 defendant Herman told plaintiff in court,quote, if plaintiff can get his criminal trial witnesses to come to trial without subpoenas,then I(Herman)will have nothing in it.

62. On February 21,2013 defendant Herman finally instructed defendant Vandrew to issue plaintiff his jury trial subpoenas.

63. Defendant Vandrew complied.see exhibit 248.

64. This substantial delay by defendant Herman not permitting plaintiff to timely prepare for his jury trial,caused plaintiff substantial difficulties and not having any time to respond to problems with his jury trial subpoenas and witnesses.

65. On March 1,2013 defendant Herman began quashing plaintiffs' jury trial subpoenas,and plaintiff got these quash orders at 23:00 hours, and defendant Herman did not allow plaintiff to respond to these motions to qaush plaintiffs' jury trial subpoenas.exhibit:666

### COUNT FIVE-CLAIM OF RELIEF

66. The actions of defendant Herman quashing plaintiffs' jury trial subpoenas was a executive order motivated by defendant Herman to save money and time,as defendant Herman is in charge of or a substantial part of the franklin county's judicial budget.The actions of defendant Herman on March 1,through March 12,2013 constitute deliberate indifference toward plaintiff which resulted in plaintiffs' fourteenth amended right of due process of law and equal protection of the laws,as defendant Herman dismissed numerous of plaintiffs' criminal trial witnesses.Defendant Herman violated plaintiffs fourteenth amendment

### RELIEF REQUESTED

67. Plaintiff seeks one hundred thousand dollars in damages from defendant Herman for the deliberate indifference toward plaintiff as defendant Herman knew or should have known quashing plaintiffs' jury trial subpoenas would result in violation of plaintiffs' fourteenth amendment of due process of law,and equal protections of the law.

FACTS

68.On March 11,2013,defendant Herman picked plaintiffs' jury

trial members.Defendant Herman and the assistant distric attorney

took turns handing the jury member clipboard back and forth picking

plaintiffs' jury members.Plaintiff had no part in picking his

criminal jury trial members.

69.On March 15,2013 plaintiff was convicted.

70.On  May 15,2013,defendant Herman sentenced plaintiff to six to

twelve years,and stated plaintiff filing his civil actions were

legal terrorism.

71.On May 23,2013 plaintiff filed his direct appeal with the

Pennsylvania superior court,without the benefit of transcripts,

as defendant Herman refused to provide plaintiff transcripts for

plaintiffs' direct appeal.exhibit 630.

72.On May 29,2013 defendant Herman ordered plaintiff to provide

defendant Herman a concise statement.exhibit 631.

73.On June 10,2013,by certified mail,plaintiff provided defendant Herman

a concise statement.exhibits:632,633,634,635.

74.On June 12,2013 defendant Vandrew signed certified return receipt

for plaintiffs' concise statement.exhibits:634,635,632,633.

75.On July 22,2013 defendant Herman issued court order stating

he did not receive plaintiffs' concise statement,and requested the

superior court consider plaintiffs' direct appeal waived.exhibit:636.

76.Plaintiff alleges on June 12,2013 defendant Herman and defendant

Vandrew engaged in a meeting of their minds to conspire to claim

defendant Herman never received plaintiffs' concise statement.

Plaintiff alleges defendant Herman engaged in this conspiracy with

defendant Vandrew to alter and pre determine the outcome of plaintiffs'

direct appeal,so plaintiff could not appeal his convictions.

77.Plaintiff alleges on July 22,2013,defendant Herman carried this

conspiracy out.exhibit:636.

## COUNT SIX -CLAIM OF RELIEF

78.The actions of defendant Herman on June 12,2013 and July 22,2013 constitute conspiracy to deprive plaintiff of his first amendment to petition the government for redress of his grievances,deprived plaintiff of acess to the courts,constitute interference with court claims.Plaintiff alleges the conspiracy actions of defendant Herman were done with willful misconduct and malice,fraud,and constitute the crime of conspiracy by defendant Herman against plaintiff.

## RELIEF REQUESTED

79.Plaintiff seeks two hundred thousand dollars from defendant Herman for the conspiracy to deprive plaintiff of his first amendment on June 12,2013 and July 22,2013.

## COUNT SEVEN-CLAIM OF RELIEF

80.The actions of defendant Herman on June 12,2013 and July 22,2013 constitute conspircy to deprive plaintiff of his fourteenth amendment of due process of law and equal protections of the law.A reasonable accommodation by defendant Herman would of been to admit he received plaintiffs' concise statement,or permitted plaintiff to refile the concise statement,defendant Herman to date has refused.

## RELIEF REQUESTED

81.Plaintiff seeks two hundred thousand dollars from defendant Herman for conspiracy to ceprive plaintiff of his fourteenth amendment on June 12,2013 and July 22,2013.

## COUNT EIGHT-CLAIM OF RELIEF

82.The actions of defendant Herman on June 12,2013 and July 22,2013 constitute cruel and unusual punishment in violation of plaintiffs' eigth amendment.Plaintiff alleges defendant Herman retaliated against plaintiff on June 12,2013 and July 22,2013 due to plaintiff filing

numerous complaints and a civil action against defendant Herman.
plaintiff alleges in the absence of these complaints and civil
action,defendant Herman would not have retaliated against plaintiff
to deprive plaintiff of his first and fourteenth amendments.

### RELIEF REQUESTED

83.plaintiff seeks two hundred thousand dollars in damages from
defendant Herman for the June 12,2013 and July 22,2013 violation
of plaintiffs' eigth amerdment against cruel and unusual punishment.

### FACTS

84.On August 5,2013 the superior court of pennsylvania ordered
defendant Herman to provide plaintiff all transcripts and
documents necessary for the resolution of plaintiffs' direct
appeal.exhibits:630,637.

85.While the record was remended to defendant Herman,jurisdiction
was retained by the superior court.exhibit:630.

86.On August 20,2013 in clear absence of all authority and
jurisdiction,defendant Herman refused to follow the order of the
superior court and refused plaintiff all transcripts and
documents for plaintiffs' direct appeal.exhibits:630,637,638.

87.plaintiff alleges defendant Herman was without authority and
jurisdiction to issue this August 20,2013 executive order defying
the order of a superior court.

88.Plaintiff alleges defendant Herman retaliated against plaintiff
again for plaintiff filing complaints and a civil action against
defendant Herman,and in the absemce of these complaints,defendant
Herman would not have denied plaintiff his relief granted plaintiff
by the superior court on August 5,2013.

### COUNT NINE-CLAIM OF RELIEF

89.The actions of defendant Herman on August 20,2013 constitute
deliberate indifference toward plaintiff by defendant Herman as

17

defendant Herman is a president judge with 20 years of claimed experience as a judge.Plaintiff alleges discrimination against a class of one by defendant Herman due to plaintiff filing numerous complaints and specifically a civil action against defendant Herman,and persons similarly situated to plaintiff would have been provided transcripts and documents for their direct appeal, in the absence of filing numerous complaints and a civil action against defendant Herman.

### RELIEF REQUESTED

90.Plaintiff seeks five hundred thousand dollars in damages from defendant Herman for discrimination against a class of one on August 20,2013,in violation of plaintiffs fourteenth amendment of due process and equal protections of law.

### FACTS

91.On September 19,2013 and September 20,2013 defendant Herman again re -issued his August 20,2013 order again defying the superior court and denying plaintiff transcripts and all documents necessary for plaintiffs' direct appeal.exhibits:638,639.

92.On November 27,2013 defendant Herman issued order granting plaintiff transcripts again,and decided to follow the August 5,2013 order of the superior court.The damage was done to plaintiff and his direct appeal.

93.Plaintiffs' direct appeal was vacated on August 14,2013 and not rescheduled until April 9,2014,due to defendant Hermans' actions.

94.On February 24,2014,defendant Herman finally admitted ,after plaintiff proved it,that defendant Herman and defendant Vandrew did receive plaintiffs' concise statement on June 12,2012.exhibit:640.

## COUNT TEN-CLAIM OF RELIEF

95.Plaintiff alleges defendant Herman and franklin county have policies,practies,proceedures and a custom of violating plaintiffs' federal rights with direct knowledge of and direct involvement in the violations of plaintiffs' rights,and display deliberate indifference to plaintiffs' rights as an accepted custom.

## RELIEF REQUESTED

96.Plaintiff will seek punitve damages from defendant Herman in his individual capacity at appropriate time due to defendant Hermans' actions against plaintiff being egregious,meant to harm plaintiff and have,the actions of defendant Herman were meant to deprive plaintiff of his rights.

B

## PLAINTIFF AGAINST DEFENDANT LAGIOVANE

Defendant Lagiovane is the mayor of the borough of chambersburg, as mayor,defendant Lagiovane is responsible for the conduct of all city and or borough officers,chambersburg borough police officers,officials.Defendant Lagiovanes' duties and responsibilities include the direct supervision of the chambersburg borough police, officials,and defendant Lagiovane shall examine the grounds of all reasonable complaints against any of them,and cause all of their violations or neglect of duty to be promptly punished or reported to the borough council for correction.exhibit:I,H.

**FACTS**

97.Plaintiff alleges defendant Lagiovane grossly failed,with deliberate indifference to carry out his official duties regarding plaintiff and his allegations of misconduct,willful misconduct of the borough of chambersburg police officers,officials.

98.Plaintiff alleges defendant Lagiovane has policies,practices, procedures and customs that violate plaintiffs' federal rights,and defendant Lagiovane with deliberate indifference accepts as custom the chambersburg borough police violating plaintiffs' rights and conspiring to cover these violations up.

99.Plaintiff alleges defendant Lagiovane grossly failed,with deliberate indifference to properly institute proper practies, proceedures,policies,training,education and supervision of the chambersburg borough police officers and officials,which resulted in plaintiffs' rights being violated.

100.Plaintiff alleges defendant Lagiovane had direct involvement in and direct knowledge of the chambersburg borough police violating plaintiffs' rights,and chose to ignore these actions.

20

101.On November 28,2012,by certified mail return receipt,plaintiff
mailed defendant Lagiovane a ten page detailed letter,with supporting
legal documents,allegations that the chambersburg borough police
were intentionally violating plaintiffs federal rights.exhibits:156,408.

102.These allegations included violations of plaintiffs' fourth
and fourteenth amendments.exhibits:358,41,241,239,238,237,243,418J.

103.On November 30,2012 an agent for defendant Lagiovane signed for
plaintiffs' certified mail.

104.Plaintiff specifically requested defendant Lagiovane help plaintiff
and due formal investigation into plaintiffs' allegations.

105.With direct knowledge and involvement into the violations of
plaintiffs rights by chambersburg borough police and officials,
defendant Lagiovane applied deliberate indifference toward plaintiff
and ignored plaintiff and his certified mail.

106.On January 13,2013,plaintiff sent defendant Lagiovane another
detailed letter regarding defendant Lagiovane ignoring plaintiffs
November 28,2012 request for help and investigation.

107.On February 22,2013 plaintiff by certified mail,mailed defendant
Lagiovane a criminal trial subpoena,so plaintiff could question
defendant Lagiovane regarding his and chambersburg borough police
and chambersburg borough policies and practies regarding criminal
investigations,plaintiff requested records as well.exhibt:668

108.On  March 5,2013 defendant Lagiovane had his lawyer file motion
to quash plaintiffs' subpoena.

109.On March 5,2013,defendant Lagiovane stated in his motion to
quash plaintiff subpoena,that he had no knowledge of plaintiffs'
allegations or the parties involved.

110.Plaintiff alleges defendant Lagiovane with deliberate indifference
toward plaintiff,denied plaintiff his fourteenth amendment of equal

protections of the laws and due process of the laws.

111.Plaintiff alleges on November 28,2012 defendant Lagiovane
received plaintiffs allegations,and instead of doing proper
investigation,defendant Lagiovane engaged in a conspiracy with
chambersburg police officials,chambersburg chief of police David
Aronld,and defendant Keen to keep quiet the violations of plaintiffs'
rights by the chambersburg borough police illegally seizing
plaintiffs' cell phone without search warrant from the franklin
county jail,and sneaking the cell phone back into the franklin
county jail on July,2,2012.exhibit:187,358,41.cell phone seized May 3,2012.

112.Plaintiff allegaes on November 30,2012.defendant Lagiovane
engaged in a meeting of the minds with David Aronld and defendant
Keen to alter the outcome of the violations of plaintiffs fourth
amendment,and decided to sneak the illegally seized cell phone back
into the franklin county jail on July 2.2012.

### COUNT ONE-CLAIM OF RELIEF

113.The actions of defendant Lagiovane on November 30,2012,July 2,2012,
constitute conspiracy with deliberate indifference by defendant
Lagiovane to deprive plaintiff of his fourteenth amendment of due
process and equal protections of law,and again on March 5,2013.

### RELIEF REQUESTED

114.Plaintiff seeks one hunderd thousand dollars in damages from
defendant Lagiovane for deliberate indifference and conspiracy
to deprive plaintiff of his fourteenth amendment on November 30,2012,
January 13,2013 and March 5,3013.

### FACTS

115.On or about June 1,2013 plaintiff was informed by a trial witness
of plaintiffs' that the chambersburg police on or about May 15,2012

22

did an illegal search and seizure of plaintiffs' car without a search warrant,removing personal items of plaintiffs' and using one of these items against plaintiff at plaintiff criminal jury trial on March 12,13,14 2013.this item was a James Blunt music cd. exhibit:669.

## COUNT TWO-CLAIM OF RELIEF

116.The actions of defendant Lagiovane on or about May 15,2012, conducting an illegal search and seizure of plaintiffs' car and removing plaintiffs' personal items without probable cause or search warrant violated plaintiffs' fourth amendment against unreasonable searches and seizures.

## RELIEF REQUESTED

117.Plaintiff seeks two hundred thousand dollars from defendant Lagiovane for the violation of plaintiffs fourth amendment on or about may 15,2012 conducting an illegal search and seizure of plaintiffs car without probable cause or search warrant.

## FACTS

118.On March 13,2013,during plaintiffs' criminal jury trial,a chambersburg police officer testified it is normal practice to put the police officers' criminal complaints in a pile and let another police officer take them in front of the magistrate to obtain the arrest warrant,as was done in plaintiffs case,September 2,2011.

119.Though the complainig police officer signed his own criminal complaint as if he was sworn in front of the magistrate and swore to the allegations in his police complaint.

## COUNT THREE-CLAIM OF RELIEF

120.The actions of defendant Lagiovane on September 2,2011 violated plaintiffs' fourteenth amendment of due process of law,and equal protections of the law.Plaintiff was not aware of this until March 13,2013.

## RELIEF REQUESTED

121. Plaintiff seeks two hundred thousand dollars in damages from defendant Lagiovane for the violation of plaintiff's fourteenth amendment on September 2,1022.

## FACTS

122. On May 3,2012 chambersburg borough police illegally searched and seized plaintiff's cell phone from the franklin county jail without search warrant.exhibits:358,41,187.

122A. On July 2,2012 chambersburg borough police snuk plaintiff's cell phone back into the franklin county jail.exhibit:187.

## COUNT FOUR-CLAIM OF RELIEF

122B. The actions of defendant Lagiovane on May 3,2012 violated plaintiff's fourth amendment against unreasonable searches and seizures.

## RELIEF REQUESTED

122C. Plaintiff seeks two hundred thousand dollars in damages from defendant Lagiovane for violating plaintiff's fourth amendment on May 3,2012 with deliberate indifference to plaintiff's fourth amendment. Defendant Lagiovane knew or should have known illegally searching plaintiff's cell phone without a search warrant would violate plaintiff's fourth amendment,and sneaking plaintiff's cell phone back into the franklin county jail on July 2.2012.

## FACTS

122D. Plaintiff alleges defendant Lagiovane and borough of chambersburg failed to properly train,institue proper policies and practices and supervision of chambersburg borough police to conduct searches and seizures that would not violate plaintiff's fourth amendment.Plaintiff alleges defendant Lagiovane has accepted custom of allowing chambersburg borough police violate plaintiff's rights, with deliberate indifference,then conspiring to cover these violations up.

123. At appropriate time plaintiff will seek punitive damages from defendant Lagiovane as his action were egrgeious,and meant to deprive plaintiff of his rights.

C

## PLAINTIFF AGAINST DEFENDANT VANDREW

Defendant Vandrew is clerk of courts for franklin county court of common pleas.as clerk of court defendant Vandrew is directly responsible for the employees and or agents of the clerk of court.defendant Vandrew is also responsible for timely filing all documents and filings and motions in criminal cases,and keeping accurate court dockets.exhibit:J,H.

## FACTS

124.On June 26,2012 plaintiff drafted a motion to suppress plaintiffs medical records due to illegal search and seizure of plaintiffs' medical records by the commonwealth,and without court order.exhibit:643.

125.On June 26, 2012 plaintiff also began filing numerous complaints against the commonwealth and public officials with defendant Vandrew. exhibits:75,45,554,537,495,475,457,458,404,a few examples.

126.Defendant Vandrew failed to file these complaints into plaintiffs' criminal court docket,and or failed to properly identify them.

127.On July 9,2012,defendant Vandrew signed plaintiffs' certified return receipt for the suppression of plaintiffs' medical records. exhibit:83,118

128.On July 10,2012,plaintiff filed a frank's motion with defendant Vandrew,this franks motion has not been entered into plaintiffs' transmittal records either,to superior court for plaintiffs' direct appeal.

129.On October 2,2012 plaintiff had an ommibus pre-trial motion in franklin county court of common pleas.

130.On october 2,2012,defendant Vandrew forged a falsely dated medical records subpoena by the commonwealth for plaintiffs' medical record suppression.

131. This forged medical records subpoena was falsely dated for July 13,2012,four days after defendant Vandrew signed certified mail on July 9,2012 for plaintiffs' medical record suppression.

132. On October 2,2012 plaintiff complained to the commonwealth that this July 13,2012 medical records subpoena was dated four days after July 9,2012.

133. On October 24,2012 in another court hearing,the commonwealth presented plaintiff with a newly different dated medical records subpoena issued by defendant Vandrew,date July,5,2012,four days prior to July 9,2012.exhibit:84

134. Plaintiff alleges defendant Vandrew on October 2,2012 and again on October 24,2012 engaged in a meeting of the minds with zachary mills and kerri Burrows of the franklin county distric attorneys office,to forge and alter medical record subpoenas to alter the outcome of plaintiffs medical records suppression motions.

135. The franklin county distric attorneys office wanted to use plaintiffs' medical records at plaintiffs' criminal jury trial.

## COUNT ONE-CLAIM OF RELIEF

136. The actions of defendant Vandrew on October 2,2012 and October 24,2012 violated plaintiffs' first amendment to petition the govrnment for redress of plaintiffs' grievances,denied plaintiff acess to the courts and interfered with plaintiffs court claims and denied plaintiff due process of law,with conspiracy by defendant Vandrew.The actions of defendant Vandrew constitute ,fraud,willful misconduct.

## RELIEF REQUESTED

137. Plaintiff seeks one hurdred thousand dollars in damages from defendant Vandrew for violating plaintiffs' first amendment rights on October 2,2012 and October 24,2012 by conspiracy,and with deliberate indifference.

## FACTS

138. On December 4,2012 plaintiff mailed a motion to defendant Vandrew and defendant herman for jury trial subpoenas for plaintiffs' criminal trial jury.exhibit:160.

139. Defendant Vandrew failed to provide plaintiff with these jury trial subpoenas.

140. On December 28,2012 plaintiff filed another motion with defendant Vandrew for plaintiffs' criminal trial subpoenas for plaintiffs' witnesses.

141. Defendant Vandrew failed to provide plaintiff these witness subpoenas.

142. On February 3,2013 plaintiff mailed defendant vandrew a motion for jury trial subpoenas for plaintiffs witnesses.

143. Defendant Vandrew failed to provide plaintiff jury trial witness subpoenas again.

143. On February 4,2013 plaintiff filed another motion with defendant Vandrew for plaintiffs' jury trial witnesses.

144. Defendant Vandrew failed to provide plaintiff jury trial witness subpoenas again.

145. Defendant Vandrew knew plaintiff was his own pro se lawyer.

## COUNT TWO-CLAIM OF RELIEF

146. The actions by defendant Vandrew on December 4,2012,December 28 2012,February 3,2013,February 4,2013 violated plaintiffs' fourteenth amendment of due process of law and equal protection of the law.A reasonable accommodation for plaintiff by defendant Vandrew would have been to simply provide plaintiff his jury trial witness subpoenas.

## RELIEF REQUESTED

147. Plaintiff seeks one hundred thousand dollars in damages from defendant Vandrew for denying plaintiff his fourteenth amendment on December 4,2012,December 28,2012,February 3,2013,February 4,2013.

148.On June 12,2013 at 10:38 am,defendant Vandrew signed plaintiffs'
certified return receipt mail for plaintiffs' consice statement to
defendant Herman.exhibits:632,633,634,635.

149.On June 12,2013 and thereafter defendant Vandrew failed to enter
this concise statement into plaintiffs' criminal trial court docket.

150.On July 22,2013 defendant Herman issued court order stating
plaintiff did not file this concise statement.exhibit:636.

151.On February 24,2014 defendant herman issued court order stating
that plaintiff did provide this concise statement to defendant
Vandrew.exhibit:640.

152.Plaintiff alleges on June 12,2013 defendant Vandrew engaged in a
meeting of the minds with defendant Herman to conspire to claim
plaintiff never provided defendant herman this concise statement,
to alter the outcome of and deny plaintiff his right to direct appeal
of plaintiffs' convictions.

153.Plaintiff alleges on July 22,2013 defendant Vandrew carried out
this conspiracy with defendant Herman to deny plaintiff provided
defendant Herman this concise statement by accepting and filing
defendant Hermans' july 22,2013 court order into plaintiffs' court
docket to falsely show plaintiff failed to provide defendant Herman
this concise statement,to defendant Herman so plaintiffs direct appeal
issues would be waived.exhibit:636.

### COUNT THREE-CLAIM OF RELIEF

154.The actions of defendant Vandrew on June 12,2013 and July 22,2013
violated plaintiffs' fourteenth amendment of due process and equal
protection of the laws.Areasonable accommodation by defendant Vandrew
would have been to enter plaintiffs concise statement into plaintiffs'
criminal court docket and provide defendant herman plaintiffs concise
statement.plaintiff continues to suffer harm by defendant Vandrews'
actions on June 12,2013 and July 22,2013 as plaintiff has been denied
the right to file another concise statement for plaintiffs superior

court direct appeal,and plaintiff may never be permitted to file a
concise statement for his direct appeal due to the actions of
defendant Vandrew on June 12,2013 and July 22,2013.

## RELIEF REQUESTED

155.Plaintiff seeks five hundred thousand dollars in damaged from
defendant Vandrew for violating plaintiffs fourteenth amendment of
due process of law and equal protections of the law on June 12,2013
and July 22,2013.

## FACTS

156.On February 21,2013 in the trial court,defendant Herman stated
quote"I just continue to be frustrated with the apparent policy of
the clerk of courts to segregate these documents from the main record
in the case and we need to have them available for review and
they're not.Defendant herman was specifically speaking about
defendant Vandrew and plaintiffs criminal court cases.

157.On October 16,2013 defendant Vandrew for the second time used
scrap paper to issue order to plaintiff,a small desk calender of
scrap paper.exhibit:644.

158.On November 28,2013 defendant herman had to issue specific order
of court instructing defencant Vandrew to file and enter into court
docket plaintiffs' motions defendant Vandrew still was not filing
or entering into plaintiffs' criminal court cases and court dockets.ex:641.

159.On February 4,2014 defendant Herman has to again issue court
order instructing defendant Vandrew to file and enter plaintiffs
new motions into the record and court docket.exhibit:670.

160.On March 12,2014 defendant Vandrew again failed,grossly failed
to enter plaintiffs new motions into the file and official court
docket.exhibit:671

161.On March 20,2014 defendant Vandrew continued to fail to enter
plaintiffs' new motions into the file and official court docket,
and defendant Herman had to again order defendant Vandrew to enter

29

plaintiffs' newly filed motions into the official court record and
court docket,as defendant Vandrew again grossly failed to do so.

162.On March 14,2014 defendant herman again had to issue specific
order of court for defendant Vandrew to file plaintiffs' new
motions and enter them into the criminal court docket as defendant
Vandrew again failed to do so. exhibit:672.

163.On April 22,2014 defendant Herman had to issue specific order
of court again,ordering defendant vandrew to file plaintiffs'
new motion for production of documents into the file and official
court docket as defendant Vandrew again grossly failed to do so.exhibit:673.

164.These are but a few examples of the gross failures,with
deliberate indifference by defendant Vandrew to properly file
plaintiffs motions into the official court dockets in plaintiffs
criminal cases.Defendant Vandrew has custom of not filing plaintiff's motions.

165.Plaintiff alleges deferdant Vandrew with deliberate indifference
to plaintiff has policies and practices and proceedures that violate
plaintiffs federal rights.Flaintiff alleges defendant Vandrew has
grossly failed to properly train,educate,supervise employees of
the franklin county court of clerks office to ensure plaintiffs
rights are protected and proper proceedures are followed by the franklin
county clerk of court's office.This deliberate indifference towards
plaintiff by defendant Vandrew has caused plaintiff harm and is the
direct cause of plaintiffs' rights being violate.

166.Plaintiff alleges as court of clerk,defendant Vandrew knew or
should have known his deliberate indifference toward plaintiff would
result in plaintiffs rights being violated,and it has.

167.Plaintiff will seek punitive damages from defendant Vandrew at
appropriate time in defendant Vandrew's individual capacity for this
deliberate indifference toward plaintiff and plaintiffs' rights.

D

### PLAINTIFF AGAINST DEFENDANT HART

Defendant Hart is the chief clerk-county administrator,and a
commissioner for franklin county.As chief clerk-county administrator,
and a commissioner,defencant Hart is responsible for franklin
county government policies and officials and the franklin county
jail and jail officials.cefendant Hart is responsible for
investigations into the affairs and officials of franklin county.
exhibits:K,374,H.Defendant Hart is listed as a final designee and
the last step of franklin county grievances,as is defendant Keen.

### FACTS

168.On July 5,2012 plaintiff filed a grievance relating to the
franklin county jail giving chambersburg borough police plaintiffs'
cell phone without a search warrant.exhibit:675

169.Plaintiff filed this July 5,2012 grievance due to defendant
Sullen testifying on July 2,2012 plaintiffs' cell phone never left
the franklin county jail.Defendant Sullen provided known false
testimony on July 2,2012.exhibits:358,41.

170.On or about November 5,2012 plaintiff requested help with the
violations of plaintiffs' rights by franklin county jail officials
from a franklin county jail official plaintiff developed a unique
trusting relationship with.

171.Plaintiff was told by this franklin county jail official that
plaintiff could file a grievance,but defendant Keen or the county
administrator has the last say in the grievance process and
franklin county jail was a county jail,so the grievances were not
appealable,defendant Keen or the county administrator has the last
and final say.

172.On November 6,2012 plaintiff requested defendant Hart's name
and address from a franklin county jail official.exhibit:374.

173.On November 6,2012 plaintiff by certified mail,mailed defendant Hart,and defendant Keller numerous legal documents supporting plaintiffs' allegations against franklin county jail officials,and requested defendant Hart's help.exhibits:594,358,41,241, and numerous other legal documents,239,238,237,243.

174.Defendant Hart or agent of signed for this certified mail on November 9,2012.

175.Defendant Hart ignored plaintiffs' request for help and legal documents and investigation into plaintiffs' rights being violated by franklin county jail officials.

176.On November 14,2012 plaintiff certified another legal packet of documents to defendant Hart.exhibit:389,169,171,a few examples.

177.On November 16,2012 defendant Hart's agent signed for this certified mail.

178.Defendant Hart completely ignored plaintiffs' second request for help,plaintiff felt concerned for his safety due to the abuse and violations of plaintiffs rights by franklin county jail officials.

179.plaintiff was told by a franklin county jail official,one day Manning when you go to court somebody is going to put a bullet in the back of your head,because you have these people at the jail and in chambersburg caught doing all of this to you,and they know it.These people will do whatever they have to to protect themselves and their careers and reputations.

180.Plaintiff reached out to defendant Hart for help,to this day defendant Hart has refused to do a simple inquiry into plaintiffs' allegations or even write plaintiff a letter or any response.

181.Plaintiff by certified mail,subpoenaed defendant Hart to plaintiffs' jury trial.Plaintiff certified this subpoena to to defendant Hart on February 26,2013.

182.On February 27,2013 agent for defendant Hart signed this
certified mailed subpoena to defendant Hart.

183.On March 7,2013 defendant Hart through his attorney declared
in a motion to quash plaintiffs' trial subpoena to defendant Hart,
that defendant Hart had no firsthand knowledge of the circumstamces
relating to plaintiffs' criminal charges and criminal and or civil
complaints filed against the franklin county jail or the borough
of chambersburg have no bearing on plaintiffs' guilt or misconduct.ex:666

184.Plaintiff subpoenaed documents from defendant Hart to support
the misconduct and violations of plaintiffs' rights by the franklin
county jail and chambersburg borough police department.

185.On March 8,2013,defendant Herman quashed defendant Hart's
jury trial subpoena from plaintiff.

186.Plaintiff was attemptimg to prove plaintiff was set up for the
criminal charges against plaintiff,and the franklin county jail
illegally gave chambersburg police plaintiffs' cell phone and the
cell phone evidence was important, though compromised by the illegal
search and seizure.

187.Plaintiff requested formal investigation into the franklin
county jail and it's officials by defendant Hart in plaintiffs'
certified mail to defendant Hart on november 6,2012 and November
14,2012.

188.As of November 9, and November 16,2012,defendant Hart had actual
Knowledge and personal involvement into plaintiffs' rights being
violated by the franklin county jail and borough of chambersburg
police department,including franklin county jailofficial documents
signed by a franklin county jail official.exhibits:358,41,223.

189.Plaintiff allegaes defendant Hart chose to turn his head and
ignor and accept the violations of plaitiffs' rights by the franklin

county jail and it's official and the borough of chambersburg police department and it's officers and officials.

190.Plaintiff has public  statements from the franklin county commissioners' office,commissioners stating they are involved with safety of inmates at the franklin county jail.

191.Plaintiff alleges the fact that defendant Hart is a final designee on the franklin county jail grievances,defendant Hart has, and is well aware of his resposibilty for safety of franklin county jail inmates and their grievances.

192.Defendant Hart was provided a copy of plaintiffs' serious allegations against a franklin county jail official,the actual grievance filed november 9,2012 by plaintiff.exhibits:223,646,660,85,657,ect.

### COUNT ONE-CLAIM OF RELIEF

193.Plaintiff alleges the actions of defendant Hart on November 9,2012 and November 16,2012 ignoring plaintiffs' request for help due to franklin county jail officials violating plaintiffs' rights and the conspiracy by franklin county jail officials to cover these violations up,constitutes diliberate indifference by defendant Hart toward plaintiff on November 9,2012 and November 16,2012 as defendant Hart was well aware or should have been aware plaintiffs' rights were being violated by franklin county jail officials,and defendant Hart with deliberate indifference turned his head to these facts.Defendant Hart should have known plaintiff was in danger and plaintiffs' well being was being called into question by the violations of plaintiff's rights by franklin county jail officials,plaintiff alleges defendant Hart failed to protect plaintiff and defendant Hart is responsible for plaintiff being the victim of outrageous malicious,sadistic excessive use of force by defendant Morrow on January 9,2013 at 18:30 hours at the franklin county jail.

The actions of defendant Hart on January 9,2013 at 18:30 hours violated plaintiffs' fourth amendment against unreasonable seizure of plaintiffs person,violated plaintiffs' protections of .... body liberty and the outrageous ,unprovoked malicious and sadistic use of excessive force against plaintiff meant to harm plaintiff being done for no security,safety or penological reasons.

### RELIEF REQUESTED

194.Plaintiff seeks five hundred thousand dollars from defendant Hart for violating plaintiffs' fourth amendment on January 9,2013 at 18:30 hours.

### COUNT TWO-CLAIM OF RELIEF

195.The actions of defendant Hart on January 9,2013 violated plaintiffs' eigth amendment against cruel and unusual punishment. the actions of defendant Hart on January 9,2013 at 18:30 hours violated plaintiffs' eight amendment against unprovoked,outrageous malicious,sadistic use of excessive force meant to cause plaintiff harm,violated plaintiffs' right of body liberty and plaintiffs' protections against cruel and unusual punishment,being done for no security,safety or penelogical reason,defendant Hart failed to protect plaintiff.

### RELIEF REQUESTED

196.Plaintiff seeks five hundred thousand dollars from defendant Hart for violating plaintiffs' eigth amendment January 9,2013 at 18:30 hours.Five hundred thousand dollars in damages from defendant Hart.

### COUNT THREE-CLAIM OF RELIEF

197.The actions of defendant Hart on January 9,2013 violated plaintiffs' fourteenth amendment of body liberty,protections against unprovoked, malicious,sadistic,outrageous use of excessive force against plaintiff being done to harm plaintiff,being done for no security, safety or penological reasons.The actions of defendant Hart on January 9,2013 at 18:30 hours violated plaintiffs' due process of law and equal protections of the laws. Defendant Hart failed to protect plaintiff,defendant Hart was deliberately indifferent to plaintiffs' safety.

35

Plaintiff suffered medical,physical internal injuries from the
excessive use of force against plaintiff on January 9,2013 at 18:30
hours by franklin county official,defendant Michael Morrow.
Plaintiff had to undergo surgery  in attempt to repair the internal
damage to plaintiffs' body that was a direct result and directly
caused by the excessive use of force against plaintiff.Plaintiff has
suffered excruciating pain since January 9,2013 and still does.
Plaintiff suffered severe emotional distress,plaintiff must change
his lifestyle and alter his normal activities due to plaintiffs'
injuries.exhibits:658,674.

### RELIEF REQUESTED

198.Plaintiff seeks one million dollars in damages from defendant
Hart for violating plaintiffs' fourteenth amendment on January 9,
2013 at 18:30 hours,for pain and suffering,severe emotional distress,
damages and injuries done to plaintiff and his body from this
excessive use of force against plaintiff.plaintiff has a huge four
inch scar on his body from this surgery.

### COUNT FOUR-CLAIM OF RELIEF

199.Plaintiff alleges defendant Hart grossly with deliberate
indifference to plaintiffs' safety and rights,failed to institute
proper policies,practices,procedures,training and supervision of
the franklin county jail and it's officials,grossly failed to
institute proper policies and training and supervision of franklin
county jail officials to ensure safe,peaceful encounters with
plaintiff and not use unprovoked excessive force against plaintiff,
and franklin county inmate,which was direct cause and result of
plaintiff being victim to the excessive use of force,and cause of
plaintiffs' injuries.Plaintiff alleges defendant Hart grossly failed
to institute proper grievance policy for franklin county jail,response
and review of franklin county jail grievance process,failed to

provide an appeal process for the franklin county jail grievance
process,grossly failed to provide an orientation program for the
franklin county inmates and plaintiff,failed to institute a proper
policy to ensure grievance reviewing officers do not review and
investigate grievances against themselves.Plaintiff alleges
defendant Hart grossly failed to institute proper training,
education and policies and procedures and monoriting of franklin
county jail officials to ensure searches and seizures of plaintiffs'
property and body were in compliance with plaintiffs' federal
constitutional rights.Plaintiff alleges defendant Hart grossly
failed to post notice that franklin county inmate ,specifically
plaintiffs phone calls were actually being recored and preserved,not
just monitored,and these phone calls would be used against plaintiff.
defendant Hart grossly failed to ensure proper mental health policies
and practies were followed and plaintiffs mental health records were
kept confidential and not emailed and or faxed to a third party
without plaintiffs' knowledge or consent.Defendant Hart grossly failed
to ensure plaintiff was informed he was having a mental health
evaluation and failed to inform plaintiff of the results of said
mental health evaluation and failed to provide proper treatment for
mental health disabilities.Defendant Hart grossly failed to institute
proper policy for the care,custody and control of plaintiffs personal
property and planitiffs' cell phone,which was direct result and cause
of plaintiffs' cell phone being given to chambersburg borough police
on May 3,2012 without search warrant and snuk back into the franklin
county jail on July 2,2012 after plaintiff requested a search warrant.
Defendant hart grossly failed to institute proper policies and
procedures and practices to ensure the franklin county jail and it's
officials did not violate the federal ADA.Plaintiff alleges it is a

custom of defendant Hart to accept with deliberate indifference to
plaintiffs' federal rights,the violations of plaintiffs' federal
rights and conspiracy by franklin county jail officials to cover up
and hide these violations of plaintiffs federal rights to protect the
franklin county jail,it's officials and franklin county from criminal
and or civil liability.defendant Hart is deliberately indifferent
to plaintiffs federal rights which was and is the direct cause of
plaintiffs' federal rights being violated.

***IT IS NOTED,IT IS DECLARED,PLAINTIFF REFERS TO FRANKLIN COUNTY
INMATES IN THE SOLE CONTEXT AS PLAINTIFF WAS A FRANKLIN COUNTY
JAIL INMATE.PLAINTIFF CLEARLY AVERS,PLAINTIFF ONLY RAISES ALLEGATIONS,
FACT,COUNTS-CLAIMS OF RELIEF,RELIEF REQUESTED IN THIS COMPLAINT ON
PLAINTIFF"S OWN BEHALF.PLAINTIFF DOES <u>NOT</u> IN THIS COMPLAINT IMPLY,
CONVEY OR MEAN TO MAKE CLAIMS ON ANY FRANKLIN COUNTY JAIL INMATES,
EXCEPT FOR PLAINTIFF HIMSELF.IF AND WHEN PLAINTIFF MAKES REFERENCE
TO ANY FRANKLIN COUNTY INMATES AS(INMATES) IT IS USED TO SHOW
PATTERN OF DELIBERATE INDIFFERENCE OF FRANKLIN COUNTY JAIL OFFICIALS
AND FRANKLIN COUNTY GOVERNMENT OFFICIALS.PLAINTIFF REPRESENTS ONLY
HIMSELF,SOLELY IN THIS COMPLAINT.THIS DECARATION APPLIES TO ALL
 DEFENDANTS NAMED IN THIS COMPLAINT.

*Plaintiff will seek punitive damages from defendant Hart in his
individual capacity as defendant Hart applied deliberate indifference
toward plaintiff and plainitff's rights,defendant Hart's actions
were egrgious and meant to deprive plaintiff of his rights.

**E**

### PLAINTIFF AGAINST DEFENDANT KELLER

Defendant Keller is the chief commissioner for franklin county.
As chief commissioner,defendant Keller is responsible for the
commissioners of franklin county,the franklin county government,
policies and officials and the franklin county jail and jail
officials.Defendant Keller is responsible for investigations into
the affairs and officials of franklin county.exhibits:K,374,594,H.
200.The allegations specifically setforth in paragraph D,pages 31
through 38,as to defendant Hart,are verbatim against defendant
Keller,defendant Keller received the EXACT certified mail from
plaintiff as defendant Hart,the certified mail was mailed to
defendants Hart and Keller,addressed to each.A seperate jury trial
subpoena was provided to defendant Keller,having the same attorney,
defendant Kellers' motion to quash subpoena was included in defendant
Harts' motion to quash.Defendant Keller ignored plaintiff as did
defendant Hart.the counts-claims of relief,relief requested against
defendant Keller,are verbatim against defendant Hart.In lieu of
typing the exact words here against defendant Keller,plaintiff
applies the words verbatim against defendant Keller as defendant
Hart.this is done to save the court time,and the defendants time,as
this amended complaint is complex,and large.plaintiff has left out
numerous claims to make effort to shorten this complaint.

39

F

## PLAINTIFF AGAINST DEFENDANT KEEN

Defendant Keen is the warden for the franklin county jail.among

defendant Keen's resposibilities as warden,is to direct supervision of

franklin county jail officials,ensure the safety of inmates(their property)in

defendant Keen's custody,defendant Keen is responsible for reporting

the population and conditions and practices of the franklin county

jail to the board.exhibits:L,H.      FACTS

201.On May 3,2012,plaintiff was arrested and placed in the custody

of the franklin county jail,defendant Keen and defendant franklin

county.exhibit:337.

202.On May 3,2012 plaintiffs' cell phone was taken from plaintiff upon

intake at the franklin county jail by defendant Ransom.exhibit:337,

defendants cell phone was placed in the care,custody and control of

franklin county jail,defencant Keen and defendant franklin county.

exhibit:337.

203.On May 11,2012 plaintiff filed franklin county jail request slip

to have his cell phone released to plaintiffs' friend,Gloria Waite,

exhibit:358.

204.On May 16,2012 plaintiff filed request slip to franklin county

property clerk,instructing them to not release plaintiffs' cell

phone to anyone.exhibit:358.

205.On May 22,2012,franklin county property clerk,officer Newman

stated and signed franklin county request slip stating plaintiffs'

cell phone was not in plaintiffs' franklin county property bag,214,

and could not be released to gloria Waite.exhibit:358.

206.plaintiff was very concerned about this,and began requesting help

from franklin county jail officials regarding plaintiffs' cell phone.ex:646
                                                                          660
207.On May 31,2012,franklin county correctional officer Ben Jones

called franklin county booking to inquire about plaintiffs cell phone.

exhibit:41BJ.

208.On May 31,2012 correctional officer Ben Jones was told by franklin county jail officials that the chambersburg police came to the jail and took plaintiffs' cell phone.Exhibit:41,41BJ.

209.On June 13,2012 plaintiff filed request slip requesting copy of the search warrant used to remove plaintiffs' cell phone.Plaintiff believed  no search warrant was used.exhibit:646

210.On June 22,2012 plaintiff filed another request slip to deputy warden and or defendant Keen requesting any copy of a search warrant or court order for the franklin county jail to release plaintiffs' cell phone to the chambersburg borough police.exhibit:660

211.On July 3,2012 plaintiff was scheduled for a suppression hearing in franklin county court to suppress plaintiffs' cell phone due to the illegal search and seizure of plaintiffs' cell phone on May 3,2012.ex:187

212.On July 2,2012,plaintiff requested help from a very specific franklin county jail official regarding plaintiffs cell phone being illegally given to the police by franklin county jail officials without search warrant.exhibit:187

213.this franklin county jail official told plaintiff what was being done to plaintiff by the franklin county jail was not right.

214.On July 2,2012 this franklin county jail official called booking for  plaintiff to ask questions regarding plaintiffs' cell phone.

215.On July 2,2012 this franklin county jail official told plaintiff that his cell phone had magically appeared back in the franklin county jail,the night before plaintiffs cell phone suppression hearing.

216.On July 3,2012 defendant Sullen a franklin county jail official falsely testified plaintiffs cell phone had not left the jail.

217.On October 2,2012,and october 24,2012,franklin county jail officials testified that they conducted searches of the jail , plaintiffs' property bag and numerous other property bags,and plaintiffs' cell phone was not in the property bags.

218.Plaintiff filed a franklin county grievance regarding his cell

phone on July 5,2012,after defendant Sullen  provided false

testimony regarding plaintiffs' cell phone on July 3,2012.exhibit:675.

219.On December 13,2012 defendant Herman issued court order stating
plaintiff had proved his cell phone was taken from the franklin

county jail and then brought back in.Defendant Herman stated

credible testimony by franklin county jail officials supported

these facts,franklin county official Ben Jones also provided

substantial testimony to help plaintiff prove these facts.exhibit:187.

220.This testimony by franklin county jail officials discredited

defendant Sullen's false testimony on July 3,2012.exhibits:41,187.

### COUNT ONE-CLAIM OF RELIEF

221.The actions of defendant Keen on May 3,2012 giving plaintiffs'

cell phone to chambersburg borough police without a search warrant,

allowing chambersburg borough police to sneak plaintiffs cell

phone back into the jail on July 2,2012 constitute deliberate

indifference toward plaintiff and his fourth amendment right,

which was violated by the actions of defendant Keen on May 3,2012

and July 2,2012.Plaintiff's fourth amendment against unreasonable searches
and siezures was violated.

### RELIEF REQUESTED

222.Plaintiff seeks one hundred thousand dollars in damages from

defendant Keen for violating plaintiffs fourth amendment on May 3,

2012 and July 2,2012.Defendant Keen acted with deliberate indifference
toward plaintiff and plaintiff's fourth amendment.

### FACTS

223.On June 13,2012 defendant Keen allowed chambersburg state police

to listen to a recorded phone call of plaintiffs ' at the franklin

county jail,for a fishing expedition.exhibit 656.

224.this phone call was recorded June 13,2012 from 10:16 hours to

10:36 hours.this phone call being recorded had no franklin county

jail security or safety or penological interests.Defendant Keen did

not inform plaintiff his phone calls were recorded for law

investigation purposes,and would be used against plaintiff.

225.Defendant Keen failed to post any signs at the franklin county

jail informing plaintiff his phone calls were recorded,plaintiff had

an expectation of privacy.

226.Defendant Keen recorded numerous additional phone calls of

plaintiffs and released them to chambersburg state police for

fishing expeditions.exhibits:669,656,244.

227.Defendant Keen was not recording plaintiffs phone calls and saving

them for any franklin county jail security or penological reasons.

228.On October 24,2012 defendant Keen downloaded another phone call

of plaintiffs ' and released it to the franklin county distric

attorneys office and was played in court October 24,2012 in attempt

to incriminate plaintiff.exhibit:244

229.The actions of defendant Keen on June 13,2012,numerous dates

prior to and thereafter recording plaintiffs phone calls without

a search warrant or wiretapping order violated 18 U.S.C.§§2510-2521,

(Title VII,Omnibus crime control and safe street act of 1968)

230.The actions of defendant Keen on June 13,2012 from 10:16 to

10:36 hours.on numerous other dates and October 24,2012 violated

plaintiffs fourth amendment against unreasonable searches and

seizures as these phone calls were recorded without probable cause

supported by oath or affirmation.

### COUNT TWO-CLAIM OF RELIEF

231.The actions of defendant Keen pre recording plaintiffs phone

calls on June 13,2012 from 10:16 to 1036 hours,numerous other

dates and October 24,2012 without search warrant violated plaintiffs

fourth amendment against unreasonable searches and seizures,

defendant Keen as warden knew or should have known recording

plaintiffs phone calls and saving them and releasing them to law

agencies for fishing expeditions would violate plaintiffs' fourth

amendment,and it did.violate plaintiff's fourth amendment against
unreasonable searches and seizures.

### RELIEF REQUESTED

232.Plaintiff seeks one hundred thousand dollars in damages from defendant Keen for violating plaintiffs' fourth amemdment on June 13,2012 from 10:16 to 10:36 hours,on numerous additional dates and again on October 24,2014.

### FACTS

233.On October 2,2012 plaintiffs' lawyer subpoenaed franklin county official Ben Jones and his official incident report to testify at plaintiffs' Omnibus pre trial hearing.exhibit 41,41BJ.

224.On October 2,2014 Ben Jones stated he was unable to bring his official incident report regaring plaintiffs' cell phone,exhibit 41, to court due to defendant Sullen failing to provide it to him.

225.Officer Ben Jones testified he sought the help of four franklin county officials,including defendant Weller to obtain this cell phone incident report,and defendant Sullen sent an email to a franklin county jail official stating he was unable to retrive the original or the scanned copy of this incident report.exhinit:41.

226.Plaintiff alleges defendant Sullen intentionaly,willfully in misconduct  falsely stated he was unable to locate this incident report.And intentionally refeused to provide incident report.

227.Plaintiff alleges defendant Keen grossly failed to institute proper policies,trianing,procedures for franklin county jail officials to protect evidence of crimes committed by franklin county jail officials,and defendant Keen has accepted custom of franklin county jail officials acting with deliberate indifference toward plaintiff and his federal rights.

228.The actions of defendant Keen on October 2,2012 were meant to deprive plaintiff of proving the franklin county jail officials illegally gave chambersburg borough police plaintiffs' cell phone without a search warrant,on May 3,2012.

## COUNT THREE-CLAIM OF RELIEF

229.The actions of defendant Keen on October 2,2012 violated
plaintiff's first amendment right to petition the government for
redress of plaintiff's grievances,interfered with plaintiff's
court acess and denied plaintiff his due process of law.

### RELIEF REQUESTED

230.plaintiff seeks one hundred thousand dollars in damages from
defendant Keen for violating plaintiff's first amendment right on
October 2,2012 with deliberate indifference toward plaintiff and
plaintiff's first amendment.          **FACTS**

231.On October 22,2012 plaintiff's attorney dropped  a legal
mail package,plaintiff's criminal case discovery off at the
franklin county jail for plaintiff.exhibit:140.

232.franklin county jail officials,defendant Sullen and Keen did
did not inform plaintiff plaintiff's attorney left legal mail
at the jail for plaintiff.

233.On November 5,2012 plaintiff found out that defendant Sullen
had kept plaintiff's legal mail in his private office going through
it from October 22,2012 through November 4,2012.exhibits:141,142

234.At no time did defendant Keen make plaintiff aware plaintiff's
attorney dropped legal mail off at the jail for plaintiff,nor
did defendant Sullen or Keen attempt to call plaintiff's attorney
and inform him he needed to come pick this legal mail up.exhibit:146.Keen.

235.Plaintiff knows of at least one very important legal
document that is missing from plaintiff's discovery,and plaintiff
alleges defendant Sullen and Keen took this legal document out of
plaintiff's discovery as this document implicated the commonwealth
in a crime against plaintiff.

236.Plaintiff filed a grievance on November 9,2012 after finding

out November 5,2012 plaintiff's legal mail and discovery had been kept

by franklin county jail officials.exhibit:223

237.This grievance,as with all plaintiff's grievance were not

responded to by franklin county jail officials within the ten day

response grievance policy.This grievance was never fully answered.ex:223

238.This grievance as with all plaintiff's grievances ended with

defendants Keen or Hart,affording plaintiff no other remedies

available,as franklin county jail,defendants Keen,Hart,franklin

county fail to offer an appeal process for grievances.exhibit:223.

### COUNT FOUR-CLAIM OF RELIEF

239.The actions of defendant Keen on October 22,2012 through

November 4,2012 violated plaintiff's first amendment right of

attorney client privilege,acess to the courts,interference with

court claims,and compromised plaintiff's discovery,going through

plaintiff's discovery for approximately two weeks,reading

plaintiff's discovery and removing at least one legal document

that will continue to deny plaintiff a court claim.Plaintiff alleges

defendant Keen gave private communications of plaintiff's with his

attorney to the commonwealth to use for prosecution of plaintiff.

Plaintiff refused this discovery due to it being compromised,

and proceeded to trial without the commonwealth's discovery,as the

original discovery was compromised,by defendants Keen and Sullen.

### RELIEF REQUESTED

240.Plaintiff seeks one hundred fifty thousand dollars in damages

from defendant Keen for violating plaintiff's first amendment on

October 22,2012 through November 4,2012,with deliberate indifference

toward plaintiff and his first amendment.

### FACTS

241.Plaintiff alleges at this point defendant Keen knew or should

have known plaintiff was incarcerated under dangerous circumstamces

as plaintiff was filing numerous criminal complaints against franklin

county jail officials,filing grievances  against franklin county

jail officials and requesting they be arrested for violating

plaintiff's rights.exhibits:169,171,223,326,466,358,646,660,41,85,657,176.

242.A franklin county jail official had told plaintiff more than

once franklin county jail officials would be coming after plaintiff

for plaintiff requesting franklin county jail officials be arrested.

243.Plaintiff was told months earlier by a franklin county jail

official that someone was going to put a bullet in the back of

plaintiff's head when plaintiff went to court,due to plaintiff

having franklin county jail officials caught doing these things

to plaintiff,violating plaintiff's rights,and other franklin county

officials as well.

244.Plaintiff alleges defendant Keen knew plaintiff was in a unique

position of danger and retaliation,though defendant Keen chose to

turn his head to this and ignore plaintiff and plaintiff's

situation,applying deliberate indifference to plaintiff's safety.

245.On January 7,2013 Plaintiff wrote defendant Keen a four page

detailed letter,reaching out to defendant Keen and requesting

defendant Keen not condone the illegal behavior of the franklin

county jail officials toward plaintiff,and plaintiff requested

defendant Keen take appropriate action toward franklin county jail

officials.exhibit:466

246.Plaintiff turned to everybody for help,defendant Keen,Hart,Keller,

Lagiovane,Herman,Vandrew,Pa.attorney general,FBI,Governor,ect.

247.Plaintiff wrote the governor,attorney general,of PA,FBI,

Inspector General,ect. exhibits:241,239,238,237,243.

248.On or about,plaintiff hasn't the exact date right now,plaintiff

on or about August 1,2012,informed a franklin county jail official

that a franklin county jail inmate threatened to kill Plaintiff,

this franklin county jail official approached plaintiff and said
what is wrong with you Manning,plaintiff told this franklin county
jail official plaintiff had been threatened by an inmate,this inmate
told plaintiff he would kill plaintiff.

249.This franklin county jail official went to defendant Sullen,the
captain of inmate security,told defendant Sullen plaintiff's life
had been threatened,defendant Sullen responded by stating"NOTED".

250.Plaintiff has a letter from his attorney dated August 16,2012
regarding this threat to kill plaintiff.

251.Plaintiff's attorney told the franklin county distric attorney
about this threat against plaintiff,the distric attorneys office
told plaintiff's lawyer,they did not care.

252.On January 9,2013 at 18:30 hours plaintiff was victim of a
a franklin county jail official,defendant Michael Morrow ,
handcuffing plaintiff behind his back,for no legitimate reason,
and defendant Morrow in retaliation against plaintiff,for plaintiff
exercising his constitutional rights,defendant Morrow maliciously,
sadistically,outrageously used UNPROVOKED EXCESSIVE FORCE AGAINST
PLAINTIFF,bending plaintiff's upper body up and down towards the
floor,repeatedly as if defendant Morrow was trying to break plaintiff
in half at his waist.exhibit:191.

253.plaintiff had to undergo surgery to attempt to repair the
internal damage to plaintiff' groin,as defendant Morrow used so
much force against plaintiff,defendant Morrow forced plaintiff's
intestins through plaintiff's muscles,plaintiff had to have a mesh
screen sewn into his groin to prevent plaintiff's intestins from
being ruptured through plaintiff's grion muscles,walls,as they did.

254.Plaintiff suffered excruciating pain,still does and plaintiff
has a permanent injury,with a huge four inch surgical scar.
Plaintiff suffered extreme emotional distress. exhibits:658,674.

255.Plaintiff begged defendant Morrow to stop,plaintiff repeatedly
told defendant Morrow,you are hurting me please stop,you are hurting
me please stop,defendant Morrow said it's not my problem I don't care.
256.Plaintiff was shocked,in fear for my well being,I was stunned,I
could not understand.I did absolutely nothing to deserve this.I
complied with everything defendant Morrow told me to do,I knew defendant
Morrow was out to hurt and harm me,he just would not stop.

## COUNT FIVE-CLAIM OF RELIEF

257.plaintiff alleges defendant Keen failed to properly train franklin
county jail officials,defendant Morrow to have safe,peaceful
encounters with  franklin county inmates,plaintiff.Defendant Morrow
is a trained member of the franklin county jail certified emergency
response team.Plaintiff alleges defendant Keen failed to properly
train and supervise franklin county jail officials,defendant Morrow to
not use unprovoked excessive force,maliciously and sadistically to
cause harm.the failure of defendant Keen to properly train franklin
county jail officials,defendant Morrow to have safe,peaceful encounters
with inmates,plaintiff,was the direct cause of plaintiff's fourth
amendment protections against unreasonable excessive use of force to
seize plaintiff and plaintiff's body,which violated plaintiff's body
liberty interest and due process of law on January 9,2013 at 1830
hours.defendant Keen acted with deliberate indifference to plaintiff's
safety which caused plaintiff's medical,physical injuries by defendant
Morrow.

## RELIEF REQUESTED

258.Plaintiff seeks one million dollars in damages  from defendant
Keen for violating plaintiff's fourth amendment against unreasonable
unprovoked malicious,sadistic excessive use of force to cause plaintiff
harm,and

the harm and pain and suffering,additional physical disability this

excessive use of force has caused plaintiff,on January 9,2013 to
present and future.

                    COUNT SIX-CLAIM OF RELIEF

259.The actions of defendant Keen failing to properly train franklin

county jail officials and defendant Morrow to have safe and peaceful

encounters with franklin county jail inmate,---- plaintiff,without

using unprovoked outrageous,malicious and sadistic excessive force

violated plaintiff's eight amendment protections against cruel and

unusual punishment being inflicted upon plaintiff on January 9,2013

at 18:30 hours by defendant Morrow as punishiment and meant to cause

plaintiff harm.Defendant Keen acted with deliberate indifference toward
plaintiff and his safety.Defendant Keen failed to protect plaintiff.

                    RELIEF REQUESTED

260.Plaintiff seeks one million dollars in damages from defendant

Keen for violating plaintiff's eigth amendment on January 9,2013

at 18:30 hours against cruel and unusual punishisment,done maliciously

and sadistically to cause plaintiff harm,and for the harm and pain

and suffering of plaintiff from January 9,2013 to present and the

future.

                    COUNT SEVEN-CLAIM OF RELIEF

261.The actions of defendant Keen failing to train franklin county

jail officials and defendant Morrow to have safe,peaceful encounters

with franklin county inmate;.plaintiff violated plaintiff's

fourteenth amendment of body liberty,due process of law and defendant

Keen grossly failed to protect plaintiff,defendant Keen acted with

deliberate indifference toward plaintiff and plaintiff's safety;defendant
Keen has accepted custom of deliberate indifference to plaintiff's safety.

                    RELIEF REQUESTED

262.Plaintiff seeks one million dollars in damages from defendant Keen

for violating plaintiff's fourteenth amendment on January 9,2013 at

18:30 hours,for the pain and suffering of plaintiff since January 9,

2013 to present and the future,plaintiff has permanent injury and

additional physical disability directly caused by this unprovoked

malicious and sadistic outrageous use of excessive force against

plaintiff on January 9,2013.Defendant Keen acted with deliberate

indifference toward plaintiff and plaintiff's safety.

*263.Plaintiff alleges defendant Keen has a custom of permitting

franklin county jail officilas to use excessive force against

inmates.plaintiff alleges defendant Keen accepts franklin county jail

officials using deliberate indifference toward inmates----plaintiff,

and defendant Keen accepts this behavior as a policy of franklin

county jail and franklin county jailinmates,plaintiff.Defendant Keen

was directly involved in this outrageous malicious,sadictic use

of force against plaintiff on January 9,2013 as defendant Keen was

well aware or should have been that plaintiff was in danger being

incarcerated in the franklin county jail as other franklin county jail

officials were aware of this.defendant Keen grossly failedto act or

take any action to protect plaintiff. FACTS

25A.            *DEFENDANT KEEN'S DELIBERATE INDIFFERENCE*

264.Plaintiff has first hand knowledge that defendant Keen solicits

contracts from other counties to house their prisoners in franklin

county jail for financial motives,as defendant Keen publicly,falsely

claims franklin county jail has adequate staff for additional inmates,

yet plaintiff and franklin county inmates were routinely locked down

between May 3,2012 and June 13,2013 due to franklin county jail being

short on staff.

265.Plaintiff has first hand knowledge of defendant Keen repeatedly

mandating franklin county jail officials to work double shifts due

to staff shortage.

266.Defendant Keen could not provide plaintiff a hearing on January

10,2013 to conduct review of defendant Morrow's allegations against

plaintiff,due to shortage of staff,plaintiff has this document.

exhibit:199.

267.Plaintiff was eye witness to a franklin county jail inmate trying to tie his sheets to his bed to hang himself,as franklin county jail officials checked on this inmate,determined nothing was wrong,and another inmate had to summons franklin county jailofficials again to prevent this inmate from hanging himself.

268.Plaintiff was eyewitress to a franklin county jail inmate climbing upon the second tier television and jumping to the first floor as franklin county jail officilas stood by and watched.

269.Plaintiff hasfirst hand knowledge of a franklin county jail inmate attacking another inmate  in November 2012,plaintiff knows the exact date,the victim was in a coma for three weeks.plaintiff knows the DETAILS of this inmate on inmate attack.

270.Defendant Keen never spoke to plaintiff about this attack in November 2012,yet defendant Keen knew plaintiff did or should of had these details.

271.After this November attack on this inmate,plaintiff was told by a franklin county jail official the inmate deserved what he got.

272.Prior to all of this,prior to plaintiff being the victim of excessive use of force,defendant Keen is out soliciting contracts from other counties and jails to house their inmates,claiming franklin county has adequate staff to house more inmates than it has.

FEDERAL ADA,TITLE II,SECTION 504 OF THE REHABILITATION ACT

273.On May 3,2012 upon intake to the franklin county jail,franklin county medical provider,primecare medical determined plaintiff has a physical disability,and ordered plaintiff on bottom bunk status due to this physical disability.exhinits:194.191.

274.On or about september 1,2012 defendant Edwards did an in depth personal interview with plaintiff and reccommended plaintiff take numerous rehabilitation programs.exhibit:B,Plaintiff was a pre trial detainee.

275.Plaintiff alleges  defendant Edwards and franklin county jail

officials determined plaintiff suffers from anti social mental

health disability,and failed to inform plaintiff.exhibit:B.

276.Plaintiff has franklin county mental health records of plaintiff's

that claim,by franklin county jail officials plaintiff has anti

social patterns.exhibit:B.Plaintiff did not see exhibit B,until July,2013.

277.plaintiff was never told by franklin county jail officials that

he suffers from anti social mental health disability.plaintiff did

not receive and review these records until July 2013.

278.Plaintiff alleges franklin county,defendant Keen failed to

properly train franklin county jail officials,defendant Morrow to

have safe,peaceful encounters with mentally disabled persons,as

plaintiff is,and physically disabled persons as plaintff is.exhibit:A,B.

279.Plaintiff alleges he is a physically and according to franklin

county jail officials,a mentally disabled person as well.

280.Plaintiff in absence of his physical and mental health disabilitis

is otherwise qualified for the service,program or activity of the

public entity,and plaintiff alleges he was discriminated against

solely based on plaintiff's disabilities.

281.Plaintiff was discriminated against by defendant Morrow on

January 9,2013 at 18:30 hours from having a peaceful,safe encounter

with franklin county jail officials,which resulted in defendant

Morrow using outrageous,malicious,sadistic excessive force against

plaintiff that resulted in plaintiff suffering excruciating pain,

sustaining severe medical and physical internal damage to plaintiff

and plaintiff's body requiring surgery,and resulting in permanent

additional physical disability of plaintiff.exhibits:658,674.

282.Defendant Morrow knew on January 9,2013 prior to him using

excessive force on plaintiff,plaintiff had had bottom bunk status.

exhibit:191.

## COUNT EIGHT-CLAIM OF RELIEF

283.The actions of defendant Keen grossly failing to train,educate franklin county jail officials and defendant Morrow to have safe, peaceful encounters with franklin county jail inmates,plaintiiff, violated the FEDERAL ADA,TITLE II,AND SECTION 504 OF THE REHABILITATION ACT by discriminating against plaintiff on January 9, 2013 at 18:30 hours by denying plaintiff safe,peaceful encounters with franklin county jail officials,which was diresct result of plaintiff being victim of excessive use of force,sustaining permanent injury,additional physical disability,excruciating pain, substantial emotional distress,and having surgery and a huge four inch surgical scar.exhibits:658,674.

### RELIEF REQUESTED

284.Plaintiff seeks one million dollars in damages from defendant Keen for violating plaintiff's rights under the federal ADA,title II, and section 504 of the rehabilitation act on January 9,2013 at 18:30 hours,solely based on plaintiff's physical and mental health disabilities.

### FACTS

285.On January 15,2013 plaintiff certified mail a legal packet of documents to defendant Keen supporting plaintiff's allegations against franklin county jail officials,with numerous documents to support plaintiff's allegations.exhibit:506,241,239,238,237,243,358,41,ect.

286.This certified legal mail was processed by franklin county jail officials on January 16,2013.exhibit:506.

287.On January 17,2013 franklin county official Newman,agent for defendant Keen signed for this certified mail packet of numerous documents and request for help from defendant Keen,due to the continued violations of plaintiff's rights by franklin county jail officials. (franklin county jail official Newman)

288.franklin county jail does offer an appeal on the disciplinary

actions.The disciplinary form advises you of an appeal right,unlike

the franklin county jail grievances,where there is no appeal right.ex:219.

289.On January 11,2013 defendant Ebanole interviewed plaintiff

regarding defendant Morrow's allegations against plaintiff.

290.Defendant Ebanole sentenced plaintiff to twenty days in the

RHU.exhibit:607.Plaintiff appealed on January 12,2013.exhibt:219.

291.Defendant Ebanole would not even tell plaintiff what the charges

against plaintiff were,plaintiff was only told numbered offenses.ex:607.

292.Plaintiff requested defendant Ebanole due full investigation

into the January 9,2013 excessive use of force against plaintiff.

293.On January 11,2013 defendant Ebanole refused to investigate,

review security camera or interview witnesses as plaintiff requested.

294.On January 12,2013 plaintiff filed an appeal of the sentence,ex:219.

to the rhu,and defendant Ebanole's determination plaintiif was

guilty by simply stating,it is reasonable to believe the officers

(Morrow's)report was true,and defendant Ebanole doing no investigation.

295.On January 11,2013 plaintiff filed a grievance against defendant

Morrow,and complainded of defendant Ebanole doing no investigation.ex:215.

296. Defendant Keen answered plaintiff's disciplinary appeal on

January 22,2013,stating there was sufficient evidence to support

the charge,there were no procedural errors in the process,and the

sanctions were proportionate to the offenses.exhibit:229K.

297.Defendant Keen did not answer plaintiff's January 11,2013

grievance until February 23,2013,and then answered this grievance

by simply stating,I will speak to you about your concerns.exhibit:215.

298.Defendant Keen does not provide an adequate grievance or

disciplinary appeal process and does not follow his own ten day

response policy on the limited grievance policy available to plaintiff.

## COUNT NINE-CLAIM OF RELIEF

299.Defendant Keen has grossly failed to institute a fair,proper grievance policy and disciplnary appeal process and a review of the charges lodged against franklin county inmates,plaintiiff,which is a violation of plaintiff's fourteenth anendment of due process. Defendant Keen does not follow his own franklin county jail grievance policies or response times by franklin county jail officials,which constitues deliberate indifference to plaintiff and his fourteenth amendment of due process,plaintiff has always had his grievances responded to very late by defendant Keen and franklin county jail officials and defendant Keen does not provide remedies for the grievance process by not permitting grievance appeals beyond himself or the franklin county administrator,chief clerk.Plaintiff was denied his fourteenth amendment by defendant Keen on January 11, 2013,January 22,2013 and February 28,2013.

## CLAIM OF RELIEF

300.Plaintiff seeks one hundred thousand dollars from defendant Keen for violating plaintiff's fourteenth amendment of due process of law on January 11,2013,January 22,2013 and February 28,2013,with deliberate indifference toward plaintiff and plaintiff's rights.

### FACTS

301.On or about December 5,2012 franklin county jail c.t.s. Sandoval instructed plaintiff that she had been informed by franklin county mail department to tell plaintiff to mail plaintiff's criminal trial subpoenas in one envelpoe to defendant Keen for all the franklin county jail officials plaintiff intended on subpoenaing to plaintiff's criminal jury trial beginning March 12,2013.

302.On February 27,2013 plaintiff by certified mail,mailed defendant Keen sixteen criminal jury trial subpoenas.exhibit:657.

303.On March 1,2013 franklin county jail officials processed
plaintiff's certified mailed subpoenas to defendant Keen.exhibit:657

304.On March 1,1023 franklin county jail official Newman signed for
plaintiff's certified mailed subpoenas to defendant Keen.

305.On March 1,2013 defendant Keen after receiving plaintiff's
subpoenas called a meeting with plaintiff,at approximately 14:301
hours,this meeting lasted approximately ninety minutes.

306.During this meeting defendant Keen asked plaintiff what
plaintiff wanted for the cell phone and Morrow problems,defendant
Keen asked plaintiff if plaintiff wanted the criminal charges dropped
due to the cell phone and defendant Morrow problems.

307.Plaintiff told defendant Keen no,I want the franklin county
jail officials held responsible for the cell phone,what they have
done violating my rights and I want defendant Morrow held
responsible for what he did to me.

308.Defendant Keen told plaintiff if it comes down to it,he may
just have to say plaintiff's cell phone was misplaced,plaintiff told
defendant Keen,no you can't just do that,defendant Keen said,that
is just how these things MUST be done Mr.Manning.

309.Plaintiff asked defendant Keen if it was true that he or
defendant Hart had the last and final say with the grievances,and
was it true franklin county grievances were not appealable,
defendant Keen said yes,that's true.

310.Defendant Keen told plaintiff that he would call his"friend",
David Arnold,chambersburg police chief and see what they could come
up with about the cell phone.

311.Plaintiff SPECIFICALLY told defendant Keen plaintiff was hurt
with internal rupture in plaintiff's private area due to defendant
Morrow attacking plaintiff January 9,and plaintiff put a sick call

in to primecare medical on January 22,2013,but plaintiff never got

a response back,and plaintiff filed a grievance on primecare

medical on February 6 and plaintiff had not yet heard anything from

the grievance,defendant Keen told plaintiff he would see what could

be done.

312.Defendant Keen never got back to plaintiff and plaintiff never

got a response from the sick call or the grievance against primecare

medical.

313.On March 1,2013 defendant Keen asked plaintiff why plaintiff

wanted franklin county jail officials to come to plaintiff's jury

trial.

314.Plaintiff told defendant Keen he wanted to prove the jail

illegally gave the police plaintiff's cell phone and the jail officials

were trying to lie and cover it up.

315.Plaintiff told defendant Keen there were numerous other things

plaintiff wanted jail officials to testify about.

316.On March 7,2013 defendant Keen had his attorney quash all the

sixteen franklin county jail officials subpoenas plaintiff served

on them.exhibit:666.

317.defendant Keen held these subpoenas and never served them to the

franklin county jail officials.

318.On March 7,2013,defendant Keen lied to his lawyer,or told them

the truth about plaintiff's cell phone being illegally given to

police,though the March 7,2013 motion to quash plaintiff's subpoenas

falsely states plaintiff's cell phone was just "misplaced".

exhibit:666.

319.plaintiff alleges defendant Keen called his friend David Arnold

chambersburg police chief on March 1,2013,and defendant Keen and

Arnold engaged in a meeting of the minds to lie and conspire to

to cover up the illegal search and seizure of plaintiff's cell
phone,and to intentionally alter the outcome of this illegal search
and seizure,to deprive plaintiff of his fourth and fourteenth
amendments against unreasonable search and seizures,and due process
of law.exhibit:666,187.

## COUNT TEN-CLAIM OF RELIEF

320.The actions of defendant Keen on March 1,2013,and March 7,2013
constitute conspiracy and deliberate indifference toward plaintiff
by defendant Keen to deprive plaintiff of his fourth amendment
protections against unreasonable searches and seizures,and to deprive
plaintiff of his fourteenth amendment of due process of law,which was
and still is the direct result of plaintiff being denied his fourth
and fourteenth amendments.Plaintiff alleges defendant Keen has a
policy and accepted custom of depriving plaintiff of his federal
rights,as defendant Keen had franklin county legal documents to
support franklin county jail officials gave chambersburg police
plaintiff's cell phone illegally without search warrant may 3,2012,
then snuk the cell phone back into the franklin county jail on
July 2,2012.exhibit:187.

## RELIEF REQUESTED

321.Plaintiff seeks two hundred fifty thousand dollars in damages
from defendant Keen for defendant Keen's conspiracy and deliberate
indifference toward plaintiff to deprive plaintiff of his fourth
and fourteenth amendments on March 1,1023,and March 7,2013.

## FACTS

322.Plaintiff left custody of defendant Keen on June 13,2013
and was placed in the custody of the PA department of corrections,
camphill facility. exhibit:676.

333.upon plaintiff's arrival at camphill,the camphill gaurds were
waiting on plaintiff.
334.Immediately the camp hill gaurds harassed plaintiff,one gaurd

at camphill told plaintiff officials at the franklin county jail told
camphill hill gaurds that plaintiff sued everybody in franklin county
and this gaurd was going to put a couple people in plaintiff's cell
to beat the hell out of plaintiff for suing franklin county.Camphill
hill gaurds took plaintiff's eye galsses away from plaintiff so
plaintiff could not see to read or write,plaintiff never got them back.

## COUNT ELEVEN-CLAIM OF RELIEF

335.Plaintiff alleges defendant Keen has created a culture of
franklin county jail officials to retaliate against franklin county
inmates,plaintiff and to harass plaintiff for exercising plaintiff's
constitutional rights to file complaints against franklin county
jailofficials and for plaintiff exercising his first amendment to
petition the government for redress of his grievances.The actions
of franklin county jail officials and defendant Keen on June 13,2013
constitute retaliation against plaintiff for exercising plaintiff's
first amendment to petition the government for redress of his
grievances.Plaintiff alleges in the absence of plaintiff petitioning
the government for redress of his grievances,franklin county jail
officials and defendant Keen would not have retaliated against
plaintiff on June 13,2013.Camphill gaurds told plaintiff they entered
plaintiff's civil actions in plaintiff's D.O.C.file and plaintiff was
going to have a very hard time in the D.O.C.

## RELIEF REQUESTED

336.Plaintiff seeks one hundred dollars in damages from defendant
Keen for retaliating against plaintiff for plaintiff exercising
plaintiff's frist amendment right,retaliating against plaintiff on
June 13,2013.

## FACTS

337.Plaintiff alleges defendant Keen has policies,practices and
accepted customs of defendant Keen and the franklin county jail

officials with deliberate indifference violating plaintiff's federal constitutional rights,which was a direct result of plaintiff's constitutional right's being violated.plaintiff alleges defendant Keen has accepted policies,practices and customs of franklin county jail officials and defendant Keen retaliating against plaintiff for exercising plaintiff's federal rights.

338.Though defendant Keen is sued in his official capacity,plaintiff will at appropriate time seek punitive damages against defendant Keen in his individual capacity,as the actions of defendant Keen from May 3,2012 through June 13,2013 were egregious,vindictive,done in retaliation against plaintiff and were meant to punish and harm plaintiff,and they have,and the actions of defendant Keen were meant to deprive plaintiff of his rights.

***PLAINTIFF MAKES HIS ALLEGATIONS AGAINST DEFENDANT KEEN AND DEFENDANT FRANKLIN COUNT ONLY ON BEHALF OF PLAINTIFF,PLAINTIFF DOES NOT MAKE ANY ALLEGATIONS ON BEHALF OF ANY OTHER FRANKLIN COUNTY INMATES. PLAINTIFF'S ALLEGATIONS,FACTS,COUNTS-CLAIMS OF RELIEF,RELIEF REQUESTED PERTAIN ONLY TO PLAINTIFF.PLAINTIFF REPRESENTS ONLY HIMSELF.

G

## PLAINTIFF AGAINST DEFENDANT MICHAEL MORROW

Defendant Morrow is a lieutenant for the franklin county jail.
Defendant Morrow is also a member of the franklin county jail
certified emergency response team.Defendant Morrow has special
training in using EXCESSICE FORCE against franklin county jail
inmates,to forcibly remove them from their cells,or use excessive
force against franklin county jail inmates.Defendant Morrow has a
reputation at the franklin county jail among franklin county officials
and franklin county inmates as being excessive in his attitude and
his actions.exhibit:H.          **FACTS**

339.On January 9,2013 at 1700 hours plaintiff was informed by franklin
county jail official Shaffer,that plaintiff was being moved from G
unit to F unit,so plaintiff needed to pack his belongings.

340.Plaintiff asked Shaffer if plaintiff would be keeping his bottom
bunk status due to plaintiff's physical disability,and why plaintiff
was being moved.

341.Shaffer told plaintiff he did not know about plaintiff's bottom
bunk status,and he did not know why plaintiff was being moved.

342.Plaintiff asked Shaffer how long plaintiff had to move,Shaffer
told plaintiff as long as it was before 2100 hours and count,it did
not matter.

343.Plaintiff asked Shaffer why he thought plaintiff was being moved,
Shaffer told plaintiff he was told they were not talking about it,
and Shaffer told plaintiff you know they are just harassing you and
trying to make things hard on you and interfere with your legal work.

344.Plaintiff remembered defendant Sterner earlier telling
plaintiff,you look content,plaintiff told defendant Sterner,I'm just
doing my legal work and standing up for my rights.

335.Plaintiff told Shaffer he was always packed except for a few things,and plaintiff was going to get ready to move.

336.Plaintiff quickly wrote a request slip to defendant Weller, and dropped it in the request box.exhibit:658.

337.franklin county jail kept inmates who were pre trial detainess, as plaintiff on G unit,f unit was for inmates who had been sentenced.

338.plaintiff asked shaffer to call a lieutenant so plaintiff could ask why he was being moved to f block.

339.shaffer told plaintiff lieutenant Morrow is on duty,you know how he is and his reputation,you don't want to see lieutenant Morrow.

340.plaintiff told shaffer he was going to his cell,and if there was another lieutenant besides defendant Morrow on duty,shaffer said yes,lieutenat Huntzberry.

341.Plaintiff went to his cell to get ready.

342.Plaintiff packed his few unpacked items.

343.At approximately 18:00 hours,defendant Morrow shows up at plaintiff's cell,defendant Morrow sees plaintiff is packed.

344.Plaintiff's cell door is closed.

345.Plaintiff asked defendant Morrow if plaintiff could talk to lieutenant Huntzberry,defendant Morrow said no,I'm hear to deal with you.

346.Plaintiff asked defendant Morrow about plaintiff's bottom bunk status and why plaintiff was being moved.

347.Defendant Morrow said we are not talking about it,you are going to f unit or the HOLE.

348.Defendant Morrow told plaintiff you don't look like you are packing to me.

349.Defendant Morrow told plaintiff to start carrying his stuff down-stairs,plaintiff complied.

350.Plaintiff noticed defencant Morrow was following plaintiff down the stairs,even though plaintiff,and defendant Morrow knew plaintiff had several more boxes to bring downstairs.

351.About halfway down the stairs,defendant Morrow told plaintiff,I should just take you to the HOLE.

352.Plaintiff simply responded you are not going to intimidate me or stop me from doing my legal work and standing up to this jail for my rights.

353.Once at the bottom of the stairs plaintiff placed his box on the cart,turned to go back upstairs to get another box.

354.At this point defendant Morrow told plaintiff to"put your hands behind you back you are going to the HOLE".

355.Plaintiff complied,defendant Morrow handcuffed plaintiff behind his back.exhibit:191.

356.Defendant Morrow grabbed plaintiff's left arm and defendant Morrow and plaintiff began walking toward the sallyport.

357.As walking past officer Ms.jones,plaintiff kept walking and slightly turned to look at officer Jones,and asked officer Jones if she heard this, or witnessed this as plaintiff knew he did absolutely nothing to deserve going to the hole.

358.Officer Jones stated "yes"

359.Once defendant Morrow and plaintiff entered the sallyport,all a sudden defendant Morrow jumped plaintiff from behind,starting to squeeze plaintiff,defendant Morrow acted like a snake trying to squeeze it's prey.

360.Plaintiff was in shock,defendant Morrow,squeezing plaintiff very hard began to bend plaintiff forward,down towards the floor,as if defendant Morrow was trying to break plaintiff in half at the waist.

361.Plaintiff told defendant Morrow,you are hurting me please stop.
You are hurting me please stop.Defendant Morrow would not stop,
plaintiff begged defendant Morrow to stop,plaintiff said I have a
bad back and leg,you are hurting me please stop,defendant Morrow
said it's not my problem I don't care.

362.Defendant Morrow would not stop trying to break plaintiff in
half at plaintiff's waist.Plaintiff 's back and left leg were locked
up,plaintiff was all but paralized.

363.Plaintiff was being treated and handled by defendant Morrow as if
plaintiff was a rag doll.

364.This went on for a few minutes,I felt like I was going to break
in half at my waist.

365.plaintiff's back was locked up,plaintiff's left leg was locked up,
plaintiff was hurting and plaintiff all a sudden felt this very DEEP
BURNING feeling bewtween plaintiff's legs in plaintiff's private
area.A deep ripping burning pain.

366.The sallyport door opened and defendant Morrow with his arms still
wrapped around,was still squeezing plaintiff like a snake squeezes it's
prey.

367.Plaintiff could not walk,defendant Morrow began forcing plaintiff
to walk,dragging plaintiff out into the hallway and down the hallway.

368.Plaintiff was in excruciating pain,could not move.

369.Lieutenant Huntzberry showed up and defendant Morrow finally
let his snake wrap and grip of plaintiff loose.

370.plaintiff was taken to the HOLE,e unit,forced to strip naked and
was strip searched.

371.Defendant Morrow knew plaintiff had previously been determined
by primecare medical to have a physical disability as plaintiff was
placed on bottom bunk status May 3,2012.exhibit:191.

372.Defendant Morrow knew he was hurting plaintiff,defendant Morrow
did not care.

373.Defendant Morrow has really hurt plaintiff.

### PLAINTIFF'S INJURIES FROM DEFENDANT MORROW

374.As a direct result and direct cause of defendant Morrow using
unprovoked,willful,reckless disregard toward plaintiff and plaintiff's
safety,defendant Morrow using malicious and sadistic excessive force
against plaintiff,plaintiff has suffered excruciating pain to his
back,left leg and plaintiff's private area.defendant Morrow used so
much force against plaintiff,defendant Morrow ruptured plaintiff
internally,forcing plaintiff's intestins out of plaintiff's groin
walls,muscles.Plaintiff had trouble walking,sitting,bending,urinating,
having bowel movements.Plaintiff had to have xrays,was put on
steriods,pain medication.plaintiff had to have surgery due to defendant
Morrow forcing plaintiff's intestins out of plaintiff's body walls.
Plaintiff spent six hours in the hospital,plaintiff had to have a
screen mesh sewn into plaintiff's groin to force plaintiff's intestins
back into plaintiff.Plaintiff's testicles,penis swelled up and turned
black and blue.Plaintiff has a huge four inch scar from the surgery.
Plaintiff's right testicle is still swelled up,very painfull.Plaintiff
was told by the medical department on April 28,2014 that it will more
than likely take a year from now for plaintiff's body to heal.
plaintiff is still taking pain medication and medication to help
plaintiff have bowel movements.Plaintiff is told he cannot now,
do the physical things plaintiff use to do.plaintiff is told he

cannot do the physical activities he did prior to January 9,2013.
as plaintiff is told by doctors there is no gaurantee that
plaintiff's intestins will not rerupture again as a result of the
injuries plaintiff received January 9,2013 from defendant Morrow.
plaintiff is told by doctors if his intestins do rerupture,
plaintiff may not be provided another surgery to repair the injuries
while in the D.O.C.Plaintiff has to live with this permanent injury
and alter his lifestyle as a result of this injury.Plaintiff
suffered extreme emotional distress of having to have to have
surgery.exhibits:658,674.

## COUNT ONE-CLAIM OF RELIEF

375.Defendant Morrow on January 9,2013 meant to harm plaintiff.
the actions of defendant Morrow against plaintiff were done
maliciously and sadistically,with willful disregard toward
plaintiff and plaintiff's safety.defendant Morrow did not act
for any legal,safety,or security reasons whatsoever.all other
inmates were locked down when defendant Morrow arrived on g unit.
Officer Ms.Jones was sitting behind a four foot high concrete
barrier.Defendant Morrow was not in danger,plaintiff did not
resist,plaintiff was already handcuffed behind his back.The actions
of defendant Morrow on January 9,2013,using outrageous,malicious,
sadistic excessive use of force against plaintiff violated plaintiff's
fourth amendment against unreasonable seizure of plaintiff and
violated plaintiff's body liberty interest.

## RELIEF REQUESTED

376.Plaintiff seeks five million dollars in damages from defendant
Morrow for violating plaintiff's fourth amendment of protections
against outrageous,malicious,sadistic,excessive use of force
against plaintiff on January 9,2013 at 18:30 hours,for the physical

injuries plaintiff sustained,the permanent injuries to plaintiff,
and the pain and suffering and substantial emotional distress,
the four inch scar on plaintiff's body as defendant Morrow
was deliberately indifferent to plaintiff,plaintiff's safety,and
plaintiff's fourth amenment right.

### COUNT TWO-CLAIM OF RELIEF

377.The actions of defendant Morrow on January 9,2013 at 18:30
were deliberately indifferent toward plaintiff,plaintiff's safety,
malicious and sadistic,outrageous and meant to harm plaintiff,
which violated plaintiff's eigth amendment protections against
cruel and unusual punishment.defendant Morrow meant to harm
plaintiiff and did.the actions of defendant Morrow on January 9,
2013,were not done for any safety,security or peneological reasons,
defendant Morrow acted to punish and harm plaintiff and acted with
deliberate indifference toward plaintiff and plaintiff's safety
and plaintiff's eigth amendment right.The actions of defendant Morrow
violated plaintiff's body liberty interest.

### RELIEF REQUESTED

378.Plaintiff seeks five million dollars in damages from defendant
Morrow for violating plaintiff's eigth amendment on January 9,2013,
at 18:30 hours,for pain and suffering,substantial emotional
distress,the physical injuries to plaintiff,permanent injury to
plaintiff.

### COUNT THREE-CLAIM OF RELIEF

379.The actions of defendant Morrow on January 9,2013 at 18:30,
were deliberately indifferent to plaintff,plaintiff's safety and
violated plaintiff's fourteenth amendment protections of body
liberty interest.the actions of defendant Morrow were outrageous,
malicious and sadistic and meant to harm plaintiff.the actions

of defendant Morrow were not done for any safety,security or penological reasons,the actions of defendant Morrow were done to punish plaintiff,the actions of defendant Morrow violated plaintiff's fourteenth amendment of due process of law.

## RELIEF REQUESTED

380.plaintiff seeks five million dollars in damages from defendant Morrow for violating plaintiff's fourteenth amendment on January 9,2013 at 18:30 hours,for pain and suffering,permanent physical injury to plaintiff,substantial emotional distress.

## COUNT FOUR-CLAIM OF RELIEF

381.The actions of deferdant Morrow on January 9,2013 beginning at approximately 18:00 hours constitute discrimination against a class of one.The actions of defendant Morrow against plaintiff were done due to plaintiff filing numerous criminal complaints against franklin county jail officials,numerous grievances, demanding franklin county jail officials be arrested.Plaintiff alleges people in similar situation as plaintiff,in the franklin county jail,who have not filed numerous grievances and criminal complaints against franklin county jail officials would not have been treated and subjected to the excessive use of force by Morrow as plaintiff was.there was no rational basis for the different treatment of plaintiff by defendant Morrow.Defendant Morrow has a reputation of being rough and excessive,though plaintiff alleges defendant Morrow specifically targeted plaintiff due to plaintiff filing criminal complaints against franklin county jail officials.The actions of defendant Morrow on January 9,2013 violated plaintiff's fourteenth amendment of equal protections of the law.

### RELIEF REQUESTED

382.Plaintiff seeks five million dollars in damages from defendant
Morrow for the discrimination against a class of one,plaintiff,
on January 9,2013,which violted plaintiff's fourteenth amendment
of equal protections under the laws.

### COUNT FIVE-CLAIM OF RELIEF

383.The actions of defendant Morrow on January 9,2013 constitute
retaliation against plaintiff for plaintiff exercising his first
amendment right to petition the government for redress of his
grievances without retaliation.Plaintiff alleges defendant Morrow
would not have subjected plaintiff to the excessive use of force,
absent plaintiff filing numerous grievance and criminal complaints
against franklin county jail officials.the actions of defendant
Morrow constitute interference with court claims and acess to
the courts,which violated plaintiff's first amentment right.

### RELIEF REQUESTED

284.Plaintiff seeks one million dollars in damages from defendant
Morrow for violating plaintiff's first amendment on January 9,2013.

### COMMONWEALTH OF PENNSYLVANIA STATE TORTS

### COUNT SIX -CLAIM OF RELIEF

285.The actions of defendant Morrow on January 9,2013 constitute
intentional infliction of emotional distress.Defendant Morrow's
actions caused plaintiff substantial emotional distress,fear of
plaintiff's well being,plaintiff's safety,loss of sleep,loss of
sense of security.Plaintiff was a pre trial detainee as of
January 9,2013 and very confident plaintiff would not be found
guilty.plaintiff turned down a plea bargain of two years in prison,
plaintiff was not distressed over that.After January 9,2013,when
defendant Morrow came on the housing unit plaintiff was in,f unit,

other franklin county jail inmates would alert plaintiff to defendant Morrow and would stand by plaintiff and told plaintiff, don't worry Manning,Morrow will not touch you with us here. defendant Morrow scared plaintiff to death,defendant Morrow terrorized me.I still think about defendant Morrow and what he did to me daily,as i type all this,i feel sick to my stomach,I vividly relive what defendant Morrow did to me.Each time I am handcuffed now,i get scared.In the name of GOD,how could defendant Morrow handcuff me behind my back,render me totally defenseless and then use extreme excessive force against me, and not stop when I repeatedly said to defendant Morrow,please stop you are hurting me.I think about defendant Morrow and what he has done to me when i go to sleep,when i get up.How long will this continue?

## RELIEF REQUESTED

286.Plaintiff seeks two million dollars in damaged from defendant Morrow for the infliction of emotional distress on plaintiff on January 9,2013.For intentional infliction of emotional distress.

## COUNT SEVEN-CLAIM OF RELIEF

287.The actions of defendant Morrow constitute intimidation of a witness-victim.Plaintiff was a witness against the franklin county jail,and a victim of the franklin county jail and it's officials.Defendent Morrow had knowledge plaintiff was a witnees- victim agaist and of the franklin county jail officials,defendant Morrow's intent was to intimidate,,obstruct,impede and interfere with plaintiff's case against franklin county jailofficials. Defendant  Morrow's actions on January 9,2013 weremeant to indimidate and harm plaintiff.

## RELIEF REQUESTED

Plaintiff seeks seven hundred thousand dollars in damages from

defendant Morrow for the intimidation of a witness-victim,plaintiff,
on January 9,2013.

## COUNT EIGHT-CLAIM OF RELIEF

288.The actions of defendant Morrow on January 9,2013 constitute
retaliation against a witness-victim,for harming plaintiff in
retaliation for plaintiff lawfully being a witness against the
franklin county jail and it's jail officials.Defendant Morrow knew
plaintiff was a witnees against franklin county jail officials and a
victim of franklin county jail officials violating plaintiff's rights.

## RELIEF REQUESTED

289.Plaintiff seeks seven hundred thousand dollars from defendant
Morrow for retaliating against plaintiff,a witness-victim on
January 9,2013.

## FACTS

290.The actions of defendant Morrow On January 9,2013 were wanton,
outrageous,with deliberate indifference and willfull disregard to
plaintiff and plaintiff's safety,and FOURTH,EIGTH and FOURTEENTH
AMENDMENTS resulting in the violations of plaintiff's rights.
291.Plaintiff will seek punitive damages against defendant Morrow,
as defendant Morrow's actions against plaintiff January 9,2013 were
especially egregious with intent to deprive plaintiff of his rights
and harm plaintiff.Defendant Morrow's actions were malicious,
sadistic,wanton and not done for any safety,security or penological
interest,rather done to punish and harm plaintiff.

H

## PLAINTIFF AGAINST DEFENDANT SULLEN

Defendant Sullen is a captain for the franklin county jail.Defendant
Sullen proclaims he is captain of franklin county jail inmate security.

exhibit:H Plaintiff believes defendant James Sullen is full name.
FACTS

292.On July 3,2012 defendant Sullen appeared in plaintiff's criminal
trial court case as a witness for the commonwealth regarding the
illegal search and seizure of plaintiff's cell phone from the franklin
county jail by chambersburg police.exhibits:358,337.

293.On July 3,2012 defendant Sullen confirmed he did an investigation
into plaintiff's missing cell phone,but found no evidence plaintiff's
cell phone left the franklin county jail property.exhibit:337,358.

294.Plaintiff alleges defendant Sullen lied under oath July 3,2012 to
prevent plaintiff from proving franklin county jail officials gave
plaintiff's cell phone to chambersburg police without proper search
warrant.exhibit:187,358,41.

295.Plainff alleges defendant Sullen conspired with franklin county
jail official,defendant Ransom and chambersburg police officials to
engage in a meeting of the minds to change and alter the outcome
of the illegal search and seizure of plaintiff's cell phone,to
protect franklin county jail officials and chambersburg police and
defendant Ransom from any criminal and or civil liability.exhibits:187,41.

### COUNT ONE-CLAIM OF RELIEF

296.the actions of defendant Sullen on July 3,2012 constitute
conspiracy to deprive plaintiff of his first amendment right to
petition the government for redress of his grievances,acess to the
courts and interference with a court claim.The actions of defendant
Sullen on July 3,2012 have denied plaintiff any remedy for the
illegal search and seizure of plaintiff's cell phone,May 3,2012.

The actions of defendant Sullen on July 3,2012 denied plaintiff his
first amendment right to pursue an effective remedy for the
violation of plaintiff's fourth amendment by franklin county jail
officials on May 3,2012.Plaintiff's fourth amendment had merit,plaintiff's
claim had merit.

## RELIEF REQUESTED

297.Plaintiff seeks one hundred thousand dollars from defendant
Sullen for violating plaintiff's first amendment right with
deliberate indifference or July 3,2012.

298.The actions of defendant Sullen on May 3,2012 allowing plaintiff's
cell phone to be illegally given to chambersburg police without
search warrant violated plaintiff's fourth amendment right against
unreasonable searches and seizures.

299.Defendant Sullen is captain of inmate security at the franklin
county jail.

## COUNT TWO-CLAIM OF RELIEF

300.The actions of defendant Sullen on May 3,2012 violated plaintiff's
fourth amendment against unreasonable searches and seizures.
Defendant Sullen proclaims his position of captain of inmate security
is a supervisor position,plaintiff alleges defendant Sullen with
deliberate indifference failed to adequately supervise.train and
institute proper policies,pratices for franklin county jail officials
to conform with legal searches and seizures at the franklin county
jail with law enforcement agencies.plaintiff alleges defendant
Sullen has custom of applying deliberate infifference toward
plaintiff and his rights and this is accepted custom of defendant
Sullen.Plaintiff was told defendant Sullen purposely lied and hid
the illegal search and seizure of plaintiff's cell phone from
franklin county jail officials in higher supervisory capacity than
defendant Sullen,a franklin county jail official told plaintiff
this on or about October 2,2012.

## RELIEF REQUESTED

301.Plaintiff seeks one hundred thousand dollars in damages from

defendant Sullen for violating plaintiff's fourth amendment with

deliberate indifference on May 3,2012 in allowing an illegal search

and seizure of plaintiff cell phone.Defendant Sullen allowed

plaintiff's cell phone to be snuk back into the franklin county jail

on July 2,2012.

## FACTS

302.On October 2,2012 plaintiff's attorney subpoenaed franklin county

jail official Ben jones to plaintiff's criminal court hearing

regarding the illegal search and seizure of plaintiff's cell phone.

303.Plaintiff's attorney also subpoenaed the franklin county jail

official incident report regarding plaintiff's cell phone.exhibit:41.

304.On October 2,2012 franklin county jailofficial Ben Jones

testified defendant Sullen refused to produce this incident report.

305.On October 22,2012 plaintiff's attorney dropped legal mail,

a sealed packet of plaintiff's criminal trial discovery off at the

franklin county jail for plaintiff.exhibit:140.

306.This packet of legal material was clearly sealed and clearly

identified as being from plaintiff's attorney.Defendant Sullen knew

who plaintiff's attorney was.

307.Defendant Sullen accepted this legal packet,and instead of giving

it to plaintiff,or calling plaintiff's attorney,to come pick it up

and mail it in,defendant Sullen kept this legal packet in his

private office,opended it,searched it,read the documents,and kept

it to himself from October 22,through november 4,2012.exhibits:142,476,223.

308.Plaintiff knows of at least one legal document that is missing

from his discovery,and this has prevented plaintiff from persuing

a claim of merit against the commonwealth.

309.Plaintiff alleges defendant Sullen searched this discovery,

removed this legal document and provided it to the commonwealth,as a franklin county official requested plaintiff return this incriminating document back to the franklin county official.

## COUNT THREE-CLAIM OF RELIEF

310.The actions of defendant Sullen seizing plaintiff's private legal mail,criminal discovery,opening it,not informing plaintiff this legal mail was left at the jail for plaintiff,not calling plaintiff's attorney and informing him he needed to come pick it up,keeping this legal mail in his private office from October 22,2012 thru November 4,2012,removing at least one legal document plaintiff knows of, reading plaintiff's criminal discovery,violated plaintiff first amendment right of attorney client privilege,acess to the courts, inteference with court claims,was done with deliberate indifference toward plaintiff and plaintff's first amendment right,as defendant Sullen knew plaintiff was in a legal battle with the franklin county courts and the franklin county jail.In fact,defendant Sullen testified against plaintiff and for the commonwealth on July 3,2012.Plaintiff ultimately decided to refuse this discovery as defendant Sullen had compromised it,plaintiff proceeded to his criminal **trial** jury without knowledge of the commonwealth's discovery against plaintiff.Plaintiff was specifically awaiting one specific legal document from this discovery,this legal document is missing,.Grievance,exhibit:223.

### RELIEF REQUESTED

311.Plaintiff seeks five hundred thousand dollars in damages from defendant Sullen for violating plaintiff's first amendment from October 22,2012 through November 4,2012 with deliberate indifference, defendant Sullen claims to have twelve years experience working at the franklin county jail,defendant Sullen is captain of inmate security at the franklin county jail,defendant Sullen knew or should have known his actions would violate plaintiff's first amendment.

## COUNT FOUR-CLAIM OF RELIEF

## COMMONWEALTH OF PENNSYLVANIA STATE TORT

312. The actions of defendant Sullen on July 3,2012 constitute intimidation of a witness-victim,plaintiff,as defendant Sullen intended to obstruct,impede,impair prevent and interfere with the administration of criminal justice,intimidate plaintiff into not providing testimony against the franklin county jail,it's officials and the chambersburg police department..

### RELIEF REQUESTED

313. Plaintiff seeks two hundred thousand dollars from defendant Sullen for intimidating plaintiff as plaintiff was a witness against the franklin county jail,it's officials on July 3,2012.

### FACTS

314. On or about august 1,2012,a franklin county jail official informed defendant Sullen that a franklin county jail inmate had threatened to kill plaintiff.

315. Defendant Sullen responded by stating "noted",never interviewed plaintiff,ignored this threat against plaintiff and with deliberate indifference left plaintiff in vulnerable situation of harm.

316. If defendant Sullen would have interviewed plaintiff,it is quite possible another franklin county jail inmate would not have been assaulted and ended up in a coma for three weeks.

317. Plaintiff alleges defendant Sullen has a policy,an established custom of applying deliberate indifference toward franklin county jail inmate,plaintiff,his safety-a-federal rights,a== plaintiff's rights.

318. Plaintiff will at appropriate time seek punitive damages from defendant Sullen as defendant Sullen's actions were egregious, vindictive and meant to harm plaintiff and deprive plaintiff of his rights.Plaintiff will seek punitive damages from defendant Sullen in his personal capacity,incividual capacity.

I

## PLAINTIFF AGAINST DEFENDANT ROUZER

Defendant Russell Rouzer is a deputy warden for franklin county jail.
Defendant Rouzer claims to be the phone call records custodian for
franklin county jail,among his responsibilities,defendant Rouzer is
a supervisor for the franklin county jail.exhibit:H.

### FACTS

319.Plaintiff alleges defendant rouzer,without court orders,search
warrant,not for franklin county jail security,safety or penelogical
reasons,tape recorded franklin county inmate-,and specifically
plaintiff's phone calls beginning on May 3,2012 through june 13,2013.

320.On June 13,2012 defendant Rouzer tape recorded a phone call of
plaintiff's and provided this taped phone call to commonwealth of
pennsylvania state police for a fishing expedition and criminal
purposes.exhibit:656

321.On October 24,2012 defendant Rouzer downloaded another one of
plaintiff's phone calls to a cd disk and provided it to the franklin
county distric attorneys office and it was used in plaintiff's criminal
case in court October 24,2012.exhibit:244

322.This phone call was made by plaintiff on May 23,2012 between the
hours of 16:05 thru 1609 hours.exhibit:244.

323.Plaintiff alleges defendant rouzer not monitors franklin county
jail inmate and plaintiff's phone calls for franklin county jail
security purposes,but records all franklin county inmate phone calls
and saves them,to be used against inmate and plaintiff for fishing
expeditions by law enforcement agencies.

324.plaintiff alleges defendant Rouzer records plaintiff's phone calls,
without legal probable cause and without criminal investigations.

325.The actions of defendant Rouzer pre recording plaintiff's phone

calls witout probable cause and search warrants violated 18 U.S.C.

§§2510-2521 (Title VII,Omnibus crime control and safe streets act

of 1968).

326.The actions of defendant Rouzer violated plaintiff's fourth

amendment against unreasonable searches and seizure.

327.Defendant rouzer grossly failed to post any signs in the franklin

county jail informing plaintiff his phone calls were not private,and

were being tape recorded and may be used against plaintiff.

328.Plaintiff was pro se court appomited attorney when plaintiff

was placed in the franklin county jail May 3,2012.

329.Plaintiff did not consent or waive his privacy,therefore plaintiff

had expectation of privacy.

330.plaintiff alleges defendant Rouzer as a deputy warden for franklin

county jail,and being records phone call custodian,knew or should have

known his established custom of pre recording plaintiff's phone calls

for fishing expeditions,saving them without search warrant or probable

cause would violate plaintiff's fourth amendment against unreasonable

searches and seizures.

331.plaintiff had numerous other phone calls pre recorded and saved

  by defendant Rouzer as the chambersburg police came to interview

plaintiff about a phone call of plaintiff made in early May after

plaintiff was placed in franklin county jail.

332.plaintiff alleges defendant Rouzer as a deputy warden,phone call

record custodian makes policies for franklin county jail phone calls.

333.Plaintiff alleges defendant rouzer has accepted practice and custom

of violating plaintiff's rights and fourth amendment rights,with
deliberate indifference.
                    COUNT ONE-CLAIM OF RELIEF

334.The actions of defendant Rouzer on May 3,2012 various other dates,and

specifically on May 23,2012,June 13,2012 and October 24,2012,

recording plaintiff's phone calls without search warrant violated

plaintiff's fourth amendment right against unreasonable searches

and seizures.the commonwealth used purported evidence against

plaintiff at plaintiff's criminal jury trial,that was obtained

as a direct result of defendant Rouzer pre recording plaintiff's

June 13,2012 phone call from 1016 to 1036 hours.exhibit:656.

Plaintiff lost numerous personal items of sentimental value due to

defendant Rouzer pre recording plaintiff's private phone calls and

giving them to police for fishing expeditions.

## RELIEF REQUESTED

335.Plaintiff seeks two hundred thousand dollars in damages from

defendant Rouzer for pre recording plaintiff's private phone calls

on May 23,2012,june 13,2012 and October 24,2012 without search warrants

which violated plaintiff's fourth amendment rights with deliberate

indifference by defendant Rouzer toward plaintiff and his rights.

And recording varios other exact date unknown phone calls of plaintiff.

336.Plaintiff will seek punitive damages from defendant Rouzer as

defendant Rouzer acted with deliberate indifference toward plaintiff

and plaintiff's rights.Plaintiff will seek punitive damages from

 defendant Rouzer in his personal capacity,individual capacity.

J

## PLANITIFF AGAINST DEFENDANT WELLER

Defendant Weller is a deputy warden of mental health for franklin county jail.Defendant Weller is a supervisor for franklin county jail.exhibit:H.

337.On June 13,2012 plaintiff files a franklin county jail request form to property clerk and or a deputy warden regarding plaintiff's cell phone.wxhibit:646.

338.Plaintiff was pro se attorney requesting copy of any and all search warrants or court orders authorizing franklin county jail to release plaintiff's cell phone to police.:exhibit:646.

339.Plaintiff knew no search warrant was used.

340.On June 20,2012 defendant Weller avoided plaintiff's requests for copy of search warrants or court order,by ststing,request such thru lawyer.exhibit:646.

341.Plaintiff alleges defendant Weller knew franklin county jail had without search warrant,court order given plaintiff's cell phone to chambersburg borough police May 3,2012,and defendant Weller purposely was interfering with plaintiff representing himself in the matter. Defendant Weller was being deliberately indifferent toward plaintiff and his self representation.

## COUNT ONE-CLAIM OF RELIEF

342.The actions of defendant Weller on June 2012 constitute denial and violation of plaintiff's first amendment to petition the government for redress of his grievances,interference with court claim,court acess. Plaintiff alleges defendant Weller knew or should have known her actions would be violating plaintiff's first amendment and defendant Weller chose to carry out her acts with deliberate indifference toward plaintiff and his first amendment.Plaintiff utilized the only form of redress known to plaintiff at this time,the franklin county jail request form.Plaintiff had never heard of a grievance at this time.

RELIEF REQUESTED

343.Plaintiff seeks one hundred thousand dollars in damages from
defendant Weller for violating plaintiff's first amendment on
June 20,2013.

FACTS

345.Plaintiff alleges on or about september 1,2012 franklin county
jail official defendant Edwards did a in depth mental health
evaluation on plaintiff and determined plaintiff suffers from a mental
health disability of anti social behavior.exhibit:B.

346.plaintiff alleges defendant Weller took part in this determination,
and failed to inform plaintiff that he apparently suffers a mental
health disability of being anti social.exhinit:B.

347.Plaintiff did not find out about his apparent mental health
disability until July 2013.

348.Plaintiff alleges defendant Weller,as deputy warden of mental health
failed to inform plaintiff he suffers from a mental disability and
provide mental health treatment for plaintff.

COUNT TWO-CLAIM OF RELIEF

349.Plaintiff alleges defendant Weller as duputy warden of mental health
grossly failed to inform plaintiff he suffers a mental health diability,
failed to provide medication for plaintiff and any special counseling
that anti social may need.The actions by defendant Weller violated
plaintiff's eight amendment against cruel and unusual punishment.
Plaintiff never felt or knew he was anti social.Plaintiff alleges it
is cruel and unusaul punishment with deliberate indifference toward
plaintiff by defendant Weller to let plaintiff suffer from a mental
health disability plaintiff has no clue he has.Plaintiff alleges
defendant Weller grossly failed to institute proper policies,practicies
to inform plaintiff he suffers from anti social behavior,and defendant

Weller has let plaintiff suffer.Plaintiff could not and cannot file a grievance regarding this as plaintiff left custody of the franklin county jail June 13,2013.

### RELIEF REQUESTED

350.Plaintiff seeks seven hundred thousand dollars in damages from defendant Weller for violating plaintiff's eigth amendment against cruel and unusual punishisment.

### FACTS

351.On January 9,2013 plaintiff filed a request with defendant Weller regarding plaintiff be moved to F block.exhibit:658.

352.On January 11,2013 defendant Weller answered plaintiff's request by stating,"you were re classified as a maximum and can be housed on G or F unit.exhibit:658.

353.Plaintiff alleges this supports his claim that there was absolutely no need to move plaintiff from G unit to F unit,except to harass and intimidate plaintiff and interfere with plaintiff doing his legal work,as defendant Edwards had become the new F unit c.t.s.,and everyone at the franklin county jail knew defendant Edward harassed plaintiff ongoingly.

354.Plaintiff alleges he may not have a constitutional right to a specific classification,though plaintiff was re classified only out of retaliation against plaintiff for exercising his first amendment right to petition the government for redress of his grievances,and for plaintiff acessing the courts and filing numerous grievances and criminal complaints against franklin county jail officials.ex:169,171.223,326, 85,657.

355.Plaintiff knows there were franklin county jail inmates on G unit with plaintiff who had charges of rape,child molestation,multiple counts of murder against them,much more severe than the charges plaintiff was charged with.

356.Plaintiff alleges deferdant Weller took part in having plaintiff

moved on January 9,2013 in retaliation against plaintiff.

357.Plaintiff alleges defendant Weller on January 9,2013,January 11,

2013 retaliated against plaintiff for plaintiff exercising his first

amendment right.exhibit:658.

### COUNT THREE-CLAIM OF RELIEF

358.The actions of defendant Weller on January 9,2013 and January 11,

2013 constitute retaliation against plaintiff for plaintiff exercising

his first amendment right to petition the government for redress of

his grievances,acess to the courts,interference with court claims,

plaintiff alleges in the absence of plaintiff filing numerous

grievances against franklin county jail officials,filing criminal

complaints against franklin county jail officials,defendant Weller

would not have retaliated against plaintiff on January 9,2013 and

January 11,2013 by moving plaintiff from G block to F block,unit.

The actions of defendant Weller on January 9,2013 and January 11,2013

violated plaintiff's first amendment right against retaliation for

plaintiff exercising his first amendment rights.

### RELIEF REQUESTED

359.Plaintiff seeks seven hundred thousand dollars from defendant

Weller for violating plaintiff's first amendment right on January 9,

2013 and January 11,2013 with deliberate indifference,retaliating

against plaintiff.                    FACTS

360.On May 2,2013 franklin county jail officials released plaintiff's

mental health,private mental health records to a third party,without

a court order for mental health records,without plaintiff's consent.

361.Plaintiff alleges defendant Weller approved this release of

plaintiff's private mental health records,and or failed to institute

proper policy,practice and procedure for releasing plaintiff's

private mental health records,especially since defendant Weller is

deputy warden of mental health for franklin county jail,and defendant

Weller grossly failed to inform,treat plaintiff concerning plaintiff

suffers from the mental health disability of being anti social,and

these mental health records were used against plaintiff for criminal

trial sentencing.Plaintiff alleges defendant Weller has accepted custom of
violating plaintiff's rights.exhibit:B.

## COUNT FOUR-CLAIM OF RELIEF

362.The actions of defendant Weller releasing plaintiff's private

mental health records to a third party without court order for

mental health records and without plaintiff's consent,violated

plaintiff's fourteenth amendment of due process of law,and violated

plaintiff's privacy.Defendant Weller knew or should have known

plaintiff refused to release his private information on March 16,

2013.Defendant Weller acted with deliberate indifference toward

plaintiff on May 2,2013 by releasing plaintiff's private mental

health records,which violated plaintiff's fourteenth amendment.

A reasonable accommodation by defendant Weller would have been to

inform plaintiff he suffers from a mental health disability and

requested plaintiff's consent to specifically release plaintiff's

private mental health records,the actions of defendant Weller,embarraseed
and humilated plaintiff.

## RELIEF REQUESTED

363.Plaintiff seeks seven hundred thousand dollars in damages from

defendant Weller for violating plaintiff's fourteenth amendment on

May 2,2013 releasing plaintiff's private mental health records to a

third party without court order for mental health records or

plaintiff's consent.

364.Plaintiff will seek punitive damages from defendant Weller in her

personal capacity as defendant Wellers actions against plaintiff were

vindictive,egregious and meant to deprive plaintiff of his federal

rights.Plaintiff wiil seek punitive damages against defendant Weller in

individual capacity.

Ř

## PLAINTIFF AGAINST DEFENDANT JESSICA STERNER

Defendant Sterner is a certified treatment specialist for franklin county jail.Defendant Sterner is a member of the franklin county jail housing committe.Defendant Sterner is the first of the limited three steps of the franklin county jail grievance system.exhibit:H.

**FACTS**

365.On January 9,2013 in the am hours,defendant Sterner appeared on G unit where plaintiff was housed.

366.Defendant Sterner told plaintiff"you look content".Plaintiff replied I'm just doing my legal work.

367.On January 9,2013 at 1700 hours plaintiff was all a sudden told he had to move from G unit to F unit.exhibit:658.

368.Defendant Sterner has processed plaintiff's grievances and knew plaintiff was demanding franklin county jail officials be arrested, regarding plaintiff's cell phone and other rights of plaintiff's being violated,intentionally.exhibits:223,225,329,218,227,388,330,216,331. 333,388,228,224,217,215,675,*2-6-13*

369.Defendant Sterner knew defendant Edwards was transferred as c.t.s. from G unit to F unit,defendant Sterner knew defendant Edwards harassed plaintiff.

370.Defendant Sterner knew c.t.s.Sandoval on G unit was very helpful to plaintiff doing his copying,getting addresses for public officilas,ect,so plaintiff could file complaints against franklin county jail officials.

371.Plaintiff alleges defendant Sterner initiated,approvved or took part in approving plaintiff be moved from G unit on January 9,2013, to interfere and obstruct plaintiff from doing his legal work.

372.Defendant Weller told plaintiff on January 11,2013,plaintiff could actually stay on G unit.exhibit:exhibit:658.

## COUNT ONE-CLAIM OF RELIEF

373.The actions of defendant Sterner constitute retaliation against plaintiff for plaintiff exercising his first amendment to petition the governmaent for redress of his grievances,interference with court claims,acess to the courts.Plaintiff alleges in absence of plaintiff filing grievances and criminal complaints against franklin county jail officilas,defendant Sterner would not have retaliated against plaintiff and subjected plaintiff to being moved from G unit to F unit,where defendant Sterner knew defendant Edwards worked and defendant Edward harassed plaintiff and would not assist plaintiff as c.t.s. Sandoval had.Plaintiff was constantly harassed by defendant Edward on F block and defendant Edwards refused to make plaintiff color copies for original documents,refused to get plaintiff adresses for public officilas and refused to make plaintiff copies of plaintiff's sick calls to primecare medical for plaintiff's records.

## RELIEF REQUESTED

374.Plaintiff seeks seven hundred thousand dollars in damages from defendant Sterner for retaliating against plaintiff on January 9,2013 and moving plaintiff to F unit from G unit and reclassifying plaintiff so he could be moved,without just cause or rational basis for the reclassification or the move.Defendant Sterner violated plaintiff's first amendment against retaliation for plaintiff exercising plaintiff's first amendment on January 9,2013.

## FACTS

375.On July 5,2012 plaintiff wrote a grievance regarding the illegal search and seizure of plaintiff's cell phone.exhibit:675.

On November 9,2012 plaintiff wrote a grievance against defendant Sullen.exhibit:223.

376.On November 29,2012 defendant Sterner violated the franklin county

jail grievance policy of must respond,each of three steps,within

ten days.exhibit:223.

377.Defendant Sterner held this grievance for twenty days.

378.On January 11,2013 plaintiff wrote a grievance against

defendant Sterner,defendant Sterner investigated herself,took no

appropriate action,held this grievance until January 31,2013,

violating the ten day response time policy,and terminated this

grievance which left plaintiff no further remedy.exhibit:216.

379.On January 11,2013 plaintiff filed a grievance against defendant

Morrow,defendant Sterner held this grievance until January 31,2013

violating the franklin county jail grievance policy of must respond

within ten days.exhibit:215.

380.On January 11,2013 plaintiff filed another grievance against

defendant Sterner,defendant Sterner investigated herself,took no

appropriate action,held this grievance until January 31,2013,

told plaintiff he should use a request form,not a grievance,and

defendant Sterner terminated plaintiff's grievance leaving plaintiff

no further remedy.exhibit:217.

381.On November 15,2012 plaintiff filed a grievance against the

franklin county jail mail department.exhibit:226.

 382.On November 30,2012 defendant Sterner violated the franklin

county jail ten day response grievance policy,holding this grievance

fifteen days,took no apprcpriate action and trminated plaintiff's

grievance leaving plaintiff no further remedy.exhibit:226.

383.On January 13,2013 plaintiff filed a grievance defendants

Mill's Jr. and Staley.exhibit:218.

384.On January 31,2013 defendant Sterner violated the franklin county jail

ten day response policy,held this grievance twenty days,took no

approproiate action,stated situation investigated,treminated

plaintiff's grievance and left plaintiff no further remedy.

385.On February 5,2013 plaintiff filed a grievance against defendant Edwards,defendant Sterner held this grievance until February 20,2013, refused to take any appropriate action,stating situation investigated,terminated plaintiff's grievance leaving plaintiff no further remedy.stating "unit actions are not grievable"exhibit:331.

386.On February 6,2013 plaintiff filed a grievance against franklin county contracted medical provider,primecare medical for denying plaintiff answers to his January 22,2013 sick calls relating to plaintiff's injuries from defendant Morrow and for denying plaintiff appropriate medical treatment,plaintiff alleges this grievance was destroyed.

387.Defendant Sterner Grossly failed to even process this grievance.

388.On January 16,2013 plaintiff filed a grievance against defendant Morrow.***exhibit:228.

389.On February 26,2013 plaintiff filed a grievance on defendant Edwards,defendant Sterner refused to take any appropriate action. responed with an inapprpriate answer,held this grievance until March 13,2013,violated the franklin county jail ten day response policy,terminated plaintiff's grievance,leaving plaintiff no further remedy. exhibit:225

390.On February 5,2013 a franklin county jail inmate wrote a greivance on defendant Edwards for harassing plaintiff,defendant Sterner held this grievance  until february 20,2013 ,refused to take any apprpriate action,terminated this grievance. ezhibit:332.

391.On april 30,2013 plaintiff filed a grievance against defendant Edwards,defendant Sterner held this grievance until May 22,2013, refused to take any appropriate action,terminated plaintiff's grievance,leaving plaintiff no further remedy.exhibit:329.

392.On January 17,2013 plaintiff filed a grievance on defendant

Keen for taking no action on plaintiff's grievance against defendant Sullen,defendant Sterner violated franklin county jail grievance policy holding this grievance until February 6,2013,, not responding in the ten day policy period once again.exhibit:227.

393.On May 8,2013 plaintiff filed a grievance on defendant Edwards, defendant Sterner held this grievance until May 23,2013 violating the franklin county jail ten day response policy,refused to take any action or investigate,terminated plaintiff's grievance,leaving plaintiff no furthr remedy.exhibit:330

394.on may 9,2013 plaintiff filed a grievance on defendant Edwards, defendant Sterner failed to process this grievance.***exhibit:333

395.On May 12,2013 plaintiff filed a grievance regarding franklin county jail interfering with plaintiff's legal work,defendant Sterner held this grievance until May 28,2013 violated the franklin county jail response policy,refused to take any appropriate action, terminated plaintiff's grievance leaving plaintiff no remedy.exhibit:388.

396.Plaintiff alleges defendant Sterner has accepted custom of not following franklin county jail grievance policy,denying plaintiff his grievance policy rights and defendant Sterner act with deliberate indifference to plaintiff and his franklin county jail grievance policy remedies,denies plaintiff grievance remedy and fails to process plaintiff's grievances,destroys plaintiff's grievances.

## COUNT TWO-CLAIM OF RELIEF

397.Tha actions of defendant Sterner on November 29,2013,July 5,2012, January 31,2013,November 30,2012,February 6,2013,February 20,2013, January 16,2013,March 13,2013,May 23,2013,May 9,2013,May 28,2013, violating the franklin county jail grievance policies,not properly addressing plaintiff's concerns,destroying plaintiff's february 6, 2013 grievance,constitute cruel and unusual punishment,violating

plaintiff's eigth amendment against cruel and unusual punishment.
Especially considering franklin county jail offers no appeal
process for grievances,defendant Sterner violated plaintiff's eigth
amendment with deliberate indifference toward plaintiff and
plaintiff's eigth amendment right.

397.

## RELIEF REQUESTED

398.Plaintiff seeks five hundred thousand dollars in damages from
defendant Sterner for the repeated violations of franklin county jail
grievance policies and the violation of plaintiff's eigth amendment
with deliberate indifference that was direct cause of plaintiff's
eigth amendment being repeatedly violated.

39

## COUNT THREE-CLAIM OF RELIEF

399.The actions of defendant Sterner on November 29,2013,July 5,2012,
January 31,2013 November 30,2012.Februery 6,2013,February 20,2013,
January 16,2013,March 13,2013,May 23,2013,May 9,2013,May 28,2013
constitute violating the franklin county jail grievance process,
constitute violating plaintiff's fourteenth amendment of due process
with deliberate indifference toward plaintiff ,defendant Sterner knew
or should have known her actions would violate plaintiff's fourteenth
amendment as all grievances are forwarded to defendant Sterner for
step one.

## RELIEF REQUESTED

400.Plaintiff seeks five hundred thousand dollars in damages from
defendant Sterner for violating plaintiff's fourteenth amendment
with deliberate indifference,for violating franklin county jail
grievance policies and violating plaintiff's due process of law.

401.On May 2,2013 defendant Sterner released plaintiff's private
franklin county mental health records to a third party without a
court order for mental health records,without plaintiff's consent.
exhibit:B.

402.Defendant Sterner knew on March 13,2013 and March 16,2013 plaintiff

as his own pro se lawyer refused to release this information.exhibit:B.

## COUNT FOUR-CLAIM OF RELIEF

403.The actions of defendant Sterner on May 2,2013,releasing plaintiff's

private mental health records to a third party without a court

order for mental health records,without plaintiff's consent,violated

plaintiff's fourteenth amendment of privacy and due process of law.

These private mental health records were released by defendant

Sterner and published publicly,defendant Sterner was deliberately

indifferent toward plaintiff as defendant Sterner should have known,

or knew,her actions would violate plaintiff's fourteenth amendment.

A reasonable accommodation by defendant Sterner would have been to

ask plaintiff if she could specifically release plaintiff's private

mental health records.Plaintiff did not find out about this release

until July 2013,after leaving franklin county jail custody,therefore

it was too late for plaintiff to file a grievance.Defendant Sterner's
actions,embarrassed,humilated plaintiff.

## RELIEF REQUESTED

404.Plaintiff seeks seven hundred thousand dollars in damages from

defendant Sterner for violating plaintiff's fourteenth amendment

on May 2,2013,releasing plaintiff's private mental health records

to a third party to be publicly published,used against plaintiff.

405.Plaintiff will seek punitive damages against defendant Sterner

as defendant Sterner's actions were egregious,vindictive,meant to

harm plaintiff and deprive plaintiff of his rights.

L

## PLAINTIFF AGAINST DEFENDANT ANTHONY EDWARDS

Defendant Anthony Edwards is a certified treatment specialist for
franklin county jail.Among defendant Edwards responsibilities are
coducting interviews with franklin county inmates to asess their
bachgrounds,education,family history,personal history ,mental health
history.Defendant Edwards is also responsible for helping franklin
county jail inmates make copies,get addresses,ect.exhibit:H.

**FACTS**

406.On May 16,2012 plaintiff filed a franklin county jail request
slip tp proprty clerk,instructing franklin county jail not to release
plaintiff's cell phone to anyone.exhibit:659,358.

407.On May 17,2012 defendant Edwards refused to process this franklin
county jail request slip according to policy.exhibit:659,358.

408.At this point,plaintiff not having any franklin county jail
handbook,orientation or anyone explaining anything to plaintiff,
plaintiff had never heard of a grievance process for franklin county
jail or anywhere,nor did plaintiff EVER receive a franklin county
jail handbook,orientation or have anyone at franklin county jail
inform plaintiff of any policies,except grievances were not appealable.

409.On May 17,2012 plaintiff filed a franklin county jail request
slip franklin county probation,defendant Deneen,trying to get
plaintiff's pre trial home plan approved.exhibit:49.

410.On May 18,2013 defendant Edwards refused to process this franklin
county jail request slip,intercepted it,answered it himself.exhibit:49.

411.On May 21,2013 plaintiff file a franklin county jail request
slip to franklin county records,as correctional officer for franklin
county jail,Mr.Mcvicker instructed plaintiff to do to inquire
about plaintiff's pre trial release.exhibit:46.

412.On May 22,2012 defendant edwards refused to properly address

plaintiff's request by refusing to forward it,intercepted plaintiff's
request slip and answered it himself.exhibit:46.

413.On this day May 22,2012 defendant Edwards told plaintiff he was
FORBIDDEN to file anymore request slips to franklin county
probation or defendant Deneen.exhibit:46.

414.On June 22,2012 plaintiff filed a franklin county request slip to
a deputy warden and or defendant Keen requesting help and copies of
all search warrants or court orders franklin county jail accepted to
give plaintiff's cell phone to chambersburg police.exhibit:660.

415.On June 25,2012 defendant Edwards refused to process and forward
this franklin county jail request slip according to policy,
intercepted it and answered it himself,again denying plaintiff the
only procedure available to plaintiff and denying plaintiff any and
all remedies available to plaintiff.defendant Edward knew plaintiff
was his own pro se court appointed attorney,it was written on this
request slip as well.exhibit:660

416.On  February 25,2013 plaintiff filed request slip to defendant
Edwards requesting public information for plaintiff's jury trial
subpoenas process,defendant Edwards simply checked "REFUSED" on this
request slip.exhibit:455.

417.Plaintiff has numerous additional request slips defendant Edwards
refused to process and or help plaintiff with.

418.The franklin county jail request slips were the ONLY available
process and remedy known to plaintiff,so plaintiff tried to follow
proper procedure and utilize them.Defendant Edwars denied plaintiff this
policy,and right.        COUNT ONE-CLAIM OF RELIEF

419.The actions of defendant Edwards on May 17,2012,May 18,2012,
May 22,2012,June 25,2012,February 27,2013,refusing to follow franklin

county jail inmate request slip policies violated plaintiff's only
available remedy and process to petition the government for redress
of plaintiff's grievances,violated plaintiff's acess to the courts,
interfered with court claims,which violated plaintiff's first
amendment rights,with deliberate indifference.

## RELIEF REQUESTED

420.Plaintiff seeks seven hundred thousand dollars in damages from
defendant Edwards for violating plaintiff's first amendment with
deliberate indifference on May 17,2012,may 18,2012,May 22,2012,
June 25,2012,february 27,2012.defendant Edwards knew or should have
known he was violating franklin county jail policy and defendants
first amendment right.

## COUNT TWO-CLAIM OF RELIEF

421.the actions of defendant edwards on May 17,2012,May 18,2012,
May 22,2012,June 25,2012,february 27,2012 violated plaintiff's
sixth amendment of assistance,right to assistance of counsel,as
defendant Edwards knew plaintiff was his own court appointed pro se
attorney,and pro se attorneys cannot claim ineffective assistance
of counsel.the actions of defendant Edwards prohibited plaintiff
from the right to effective assistance of counsel,as defendant
Edwards knowingly intentionally interfered with plaintiff's pro se
self representation.

## RELIEF REQUESTED

422.Plaintiff seeks seven hundred thousand dollars in damages from
defendant Edwards for denying plaintiff his sixth amendment to
assistance of counsel on May 17,2012,may 18,2012,May 22,2012,
June 25,2012,February 27,2012.
423.On February 5,2013 Plaintiff filed a franklin county jail
request slip to defendant Sterner,desiring some help with plaintiff

being physically abused and having his rights violated by franklin
county jail officials,plaintiff was hurt and afraid.exhibit:678.

424.On February 6,2013 defendant Edwards refused to process this
request slip and instructed plaintiff to BE MORE SPECIFIC,however
plaintiff was hurt,afraid and desired some privacy.exhibit:678.

425.On April 15,2013,plaintiff requested by request slip defendant
Edwards make plaintiff copies of plaintiff's sick call slips to
primecare medical,plaintiff had never gotten some sick call slips
answered or back,or a grievance plaintiff filed against primecare medical,
exhibit:679.
426.On April 15,2013 defendant Edward refused to make plaintiff.cpoies,
defendant Edwards refused stating,he thinks I have information I
need,NOT DEEMED LEGAL.exhibit:679.

427.On April 22,2013 plaintiff filed franklin county request slip
to defendant Edwards as plaintiff was told defendant Edwards does not
make other franklin county inmates pay for copies if they supply
the paper,but plaintiff had to pay .10 cents per copy,as other
inmates only had to furnish the copy paper that cost .01 cents per
page.Plaintiff had to pay franklin county jail ten times what other
inmates had to pay for a copy.exhibit:277.

428.Defendant Edwards stated on April 23,plaintiff will not get free
copies due to plaintiff making more copies.exhibit:277.

429.Plaintiff will forego the numerous additional claims of relief
against defendant Edwards.

430Plaintiff will seek punitive damages against defendant Edwards as
defendant Edwards with deliberate indifference denied plaintiff his
only remedies available by refusing to process plaintiff's request
slips.One of which denied plaintiff the right to seek assistance from
defendant Keen on June 25,2012 with the illegal search and seizure of
plaintiff's cell phone.exhibit:660.

c

M

PLAINTIFF AGAINST DEFENDANT RANSOM

Defendant Ransom is a correctional officer for franklin county jail.
Defendant Ransom works in the intake-booking department for franklin
county jail.Among defendant Ransom's responsibilities are defendant
Ransom searches new inmates,takes their personal property,and places
this property in the care,custody,control of franklin county jail and
Defendant Keen and franklin county.exhibit:H.

FACTS

431.On May 3,2012 plaintiff arrived at franklin county jail.exhibit:337.

432.On May 3,2012 defendant Ransom searched plaintff,took plaintiff's
wallet,cell phone and doctor prescribed percocet.exhibit:337.

433.defendant Ransom kept plaintiff's medication,placed plaintiff's
wallet,cell phone in property bag 214.exhibit:337.

434.Defendant Ransom logged plaintiff's cash into franklin county jail
bookeeping.

435.On May 11,2012 plaintiff filed franklin county jail request form
for franklin county jail to release plaintiff's cell phone to
plaintiff's friend.exhibit:358.

436.On May 16,2012 plaintifffiled franklin county jail request slip to
property clerk to not release plaintiff's cell phone.exhibit:358.,659.

437.On may 22,2012 franklin county jail official Newman signed
plaintiff's May 11,2012 request slip,stating plaintiff's cell phone
was not in plaintiff's property bag 214.exhibit:358.

438.On June 13,2012 plaintiff filed franklin county jail request slip
to property clerk,deputy warden requesting copy of search warrant,
court order franklin county jail accepted to release plaintiff's cell
phone to police.exhibit:646.

439.On June 20,2012 defendant Weller answered plaintiff request slip,