# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE DOUGLAS MANNING, | |
| Plaintiff | CIVIL ACTION NO. 1:13-CV-01426 |
| v. | (JONES, J.) |
| | (MEHALCHICK, M.J.) |
| DOUGLAS HERMAN, et al., | |
| Defendants. | |

## MEMORANDUM

Pending before this Court are multiple motions by *pro se* Plaintiff Eugene Douglas Manning. Having considered these motions, this Court denies both of Plaintiff's motions to compel directed to PrimeCare Medical, Inc. (Doc. 137; Doc. 141), denies Plaintiff's motion to quash (Doc. 143), and grants in part and denies in part Plaintiff's motion for updated docket entry sheet (Doc. 156).

### I. MOTIONS TO COMPEL – PRIMECARE MEDICAL, INC.

Turning first to Plaintiff's motions to compel (Doc. 137; Doc. 141) directed to PrimeCare Medical, Inc., Plaintiff requests the Court (1) order PrimeCare to accept a check in lieu of their stated accepted forms of payment; and (2) allow for the inclusion of records obtained after the August 12, 2016 discovery deadline.[1] For the following reasons, both motions are denied.

---

[1] The Court finds that the August 1, 2016 motion to compel (Doc. 141), filed three days after the July 28, 2016 motion to compel (Doc. 137) directed to the same party, supersedes the prior submission, rendering the July 28 motion moot. The August 1st motion seeks the same result and merely contains supplemental information.

A. MOTION TO COMPEL ACCEPTANCE OF CHECK AS PAYMENT.

Ordering the acceptance of a particular payment form by nonparties for discoverable materials falls outside the discretionary scope for discovery matters afforded the courts by the Federal Rules of Civil Procedure. "It is a well-established principle that the scope and conduct of discovery are within the sound discretion of the trial court." *Borden Co. v. Sylk*, 410 F.2d 843, 845 (3d Cir. 1969). The production of materials—in this case, medical records—by a nonparty would generally fall under the broad discretionary scope afforded to the Court. However, the Plaintiff does not request the Court to order production of these documents. Accordingly, the Court does not find the request sought to fall under the Court's authority.

Even if the Plaintiff's motion fell under the Court's purview, it would be improper to issue an order compelling a nonparty to act where the nonparty demonstrates a willingness to comply without court intervention. Rule 37 of the Federal Rules of Civil Procedure states that a motion to compel disclosure or discovery is warranted only after the movant has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1); *see also* L.R. 26.3. The Plaintiff has not made a motion to compel disclosure or discovery on its face, however, the clear intent of the motion is to compel the production of documentary evidence by a nonparty. The inference required by the plain meaning of the statute is that a motion to compel disclosure or discovery is only warranted where good faith attempts have failed and movant has exhausted such means of acquisition. *See Shiloh v. John Does*, No. 4:12–cv–1086, 2013 WL 4859572, at *2 (M.D. Pa. Sept. 4, 2013) (denying motion to compel where Plaintiff failed to establish exhaustion of all methods for obtaining information sought). By Plaintiff's own admission, he has only sent a letter requesting the documents and offering payment via check. (Doc. 141, at

1). Plaintiff's inability to obtain a money order, as PrimeCare requires, given his incarceration, is acknowledged. However, the procedures in place allow Plaintiff to request documents from nonparties without the necessity of a money order. For example, a party may request a court issue a subpoena for the production of documents under Federal Rule of Civil Procedure 45. A review of the record indicates the Plaintiff has not sought production via subpoena, as is his right. The supporting exhibits evidence a willingness by PrimeCare to provide the records requested. (Doc. 141, at 6). Court intervention in the manner sought is not appropriate where good faith efforts to acquire the documents would produce the same result.

Given the nature of the Plaintiff's request falling outside the Court's discovery powers, the willingness to cooperate by PrimeCare, and the existence of other methods for obtaining the records without Court intervention at present, the Court denies Plaintiff's motion to require PrimeCare to accept the check payment for the costs of providing medical records.

### B. MOTION TO ALLOW PLAINTIFF TO OBTAIN AND USE MEDICAL RECORDS AT TRIAL.

The Plaintiff's request that records obtained from PrimeCare after the August 12, 2016 deadline be included in discovery is also denied as moot. The discovery deadline is now October 15, 2016 per the August 15 Order granting Defendant's motion to take deposition from Eugene Manning (Doc. 148). Therefore, Plaintiff no longer requires leave of Court to conduct discovery between the initial August 12 deadline and the current deadline of October 15. Accordingly, the Plaintiff's request is denied as moot.

## II. MOTION TO QUASH

Next, Plaintiff filed a motion to quash Defendants' subpoena to nonparties Dr. Joseph Thornton and Greencastle Family Practice. (Doc. 143). In the motion, Plaintiff alleges the medical records requested by the subpoena contain privileged information. Plaintiff further

avers violations of Federal Rule of Civil Procedure 45(a)(4). Plaintiff moves for the Court to impose a restriction upon Defendants barring use of medical records obtained as a result of the subpoena, and the destruction of the records obtained. For the following reasons, the Court finds the records to be admissible discovery and that Defendants did not violate Federal Rule of Civil Procedure 45(a)(4). Accordingly, Plaintiff's motion to quash is denied.

Generally, a party does not have standing to move to quash a subpoena to a nonparty. *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (E.D. Pa. 2001). However, "there is an exception that provides a party standing when he or she seeks to quash or modify the non-party subpoena on the basis of a privilege or privacy interest in the subpoenad information." *Carpenter v. Kloptoski*, No. 1:08–cv–2233, 2010 WL 126173, at *1 (M.D. Pa. Jan. 8, 2010). Plaintiff alleges the medical records sought are "private, privileged, confidential medical and mental health information." ([Doc. 143](), ¶ 2). Despite sufficient standing, the Plaintiff's motion is denied because the medical records are not privileged.

Plaintiff has filed a civil suit alleging physical injuries caused by the Defendants. Federal Rule of Civil Procedure 26 allows a party to take discovery on any relevant, non-privileged material that is reasonably calculated to lead to admissible evidence. FED. R. CIV. P. 26(b)(1). Any psychotherapist-, psychiatrist-, or physician-patient privilege that might have existed is waived by the placement of physical and mental condition at issue by the Plaintiff. *See Katz v. Nat'l Bd. of Med. Exam'rs,* No. 3:15-cv-01187, 2016 WL 2744823, at *4 (M.D. Pa. May 10, 2016). s*ee also Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997); *Topol v. Trustees. of Univ. of Pa.*, 160 F.R.D. 476, 477 (E.D. Pa. 1995). "[A]llowing a plaintiff 'to hide ... behind a claim of privilege when that condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice.'" *Sarko*, 170 F.R.D. at 130.

Because the Plaintiff has put his medical condition at the heart of this case, evidence relating to his medical condition is relevant and non-privileged.

In *Katz*, a plaintiff in an action under the Americans with Disabilities Act objected to a subpoena by the Defendants, proffered upon a nonparty, seeking medical, psychiatric, education, and work records of the plaintiff. *Katz,* at 3. Katz objected on the grounds that the records contained "sensitive information that is confidential in nature, and that public disclosure will cause him embarrassment." *Katz,* at 3. The court overruled his objection to the use of a subpoena duces tecum in order to obtain the copies of Katz's records, but agreed to safeguards where the defendants marked all received documents as confidential and restricted their use to the litigation only. *Katz,* at 3. Here, Plaintiff objects to the use of a subpoena by the Defendants, proffered upon a nonparty, seeking medical records from Plaintiff's former doctor. ([Doc. 143](), ¶ 2). Plaintiff's motion to quash focuses upon the confidential nature of the documents and the potential embarrassment that would come with disclosure of the information contained therein. However, because Plaintiff has put his medical condition at issue, information relating to past medical treatment is relevant and discoverable, as it may lead to admissible evidence.

Plaintiff also contends that Defendant's subpoena violates the requirements of notice to parties of subpoenas requesting documents from nonparties. If a party seeks to subpoena a nonparty and commands production of documents, "then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." FED. R. CIV. P. 45(a)(4). This purpose of the rule is to enable the other parties to object or to serve a subpoena for additional materials. FED. R. CIV. P. 45 advisory committee's note. Courts have deemed contemporaneous service to satisfy the requirements of Rule 45. *See In re Asbestos Prods.*

*Liab. Litig. (No. IV)*, 256 F.R.D. 151, 158 (E.D. Pa. 2009) ("[A] party issuing a subpoena to a third party must send notice to all parties before, or at least contemporaneously with, the issuance of the subpoena or sanctions will be levied against the violating party[.]"). So long as the ability of the nonmoving party to object or subpoena the third party is preserved, violations of Rule 45's notice requirements will not be considered prejudicial. *See CedarCrestone Inc. v. Affiliated Computer Servs. LLC*, No. 1:14–mc–0298, 2014 WL 3055355, at *6 (M.D. Pa. July 3, 2014).

Plaintiff supports the contention that Defendant violated Rule 45(a)(4) by arguing Defendants effectuated service upon Dr. Thornton and Greencastle on July 22, a week before effectuating service upon the Plaintiff. (Doc. 143, at 6). Plaintiff's exhibits include the subpoena and the attached certificate of service, dated July 22, 2016, where Defendant certifies sending a copy of the subpoena to Plaintiff via first class mail. (Doc. 145, at 6). Service of discovery papers, written notices, or similar papers is effective when mailed to the intended recipient's last known address at the time of mailing. FED. R. CIV. P. 5(b)(2)(C). Therefore, the subpoena and notice sent to the Plaintiff are deemed served once put in the mail. Plaintiff alleges Defendant has falsified the certificate of service, but has failed substantiate that allegation. Absent evidentiary support that Defendant failed to serve notice on July 22, service is presumed effective on such date. All evidentiary support provided indicates contemporaneous service. Even if Plaintiff's objections to the subpoena raised a violation of the notice requirement of Rule 45, Plaintiff has not shown evidence of prejudice suffered as a result. Accordingly, Plaintiff's motion to quash is denied.

### III. MOTION FOR UPDATED DOCKET ENTRY SHEET

Finally, Plaintiff moves that the Court provide an updated docket entry sheet. Contained within the motion is a request for the Court to permit introduction into evidence of recently acquired medical records pertaining to continued treatment received by the Plaintiff. The motion to introduce evidence is premature and cannot be ruled upon at this juncture. "Admissibility as competent evidence is not the hallmark of discoverability; the discovery standard is less stringent—it requires only a reasonable likelihood that the discovered information will bring about the production of relevant evidence." *Neuberger and Scott v. Shapiro*, 196 F.R.D. 286, 287 (E.D. Pa. 2000). Any relevant evidence in the possession of a party is admissible unless otherwise provided by the U.S. Constitution, federal statute, the Federal Rules of Evidence, or other rules provided by the Supreme Court. FED. R. EVID. 402. Accordingly, materials constituting acceptable discovery do not inherently constitute admissible evidence. Absent a showing that the records to be introduced are irrelevant or fall under a restriction imposed by the sources named in Rule 402, they will be admitted. It is the responsibility of the party seeking introduction of evidence to do so in accordance with the requirements of the Federal Rules of Evidence, Federal Rules of Civil Procedure, and Local Rules. No discovery can be introduced into evidence at this stage of the case. Accordingly, this request is denied. Plaintiff's motion for an updated docket entry sheet is granted and the Clerk of Court is directed to provide the Plaintiff with an updated copy of the docket sheet.

BY THE COURT:

Dated: September 14, 2016

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**