UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE DOUGLAS MANNING, | |
| Plaintiff, | CIVIL ACTION NO. 1:13-CV-01426 |
| v. | (JONES, J.) |
| DOUGLAS HERMAN, et al., | (MEHALCHICK, M.J.) |
| Defendants. | |

**MEMORANDUM**

Before the Court are five motions filed by Plaintiff Eugene Douglas Manning. Plaintiff has submitted a motion to compel discovery, motion for Defendant to pay Plaintiff's expenses, motion for sanctions for Defendants' failure to provide Plaintiff discovery, motion for sanctions for Defendants' refusal to comply with this Court's Order, and motion for contempt of court and default judgment. (Doc. 140). Plaintiff claims Defendant has provided insufficient and evasive discovery responses, ignored Court Orders, and is deserving of Court sanctions as a result. The Court addresses each motion in the order submitted by the Plaintiff. For the following reasons, all of Plaintiff's motions are **DENIED**.

I. **MOTION TO COMPEL DISCOVERY**

Turning first to Plaintiff's motion to compel discovery, Plaintiff failed to follow the Federal Rules of Civil Procedure and Local Rules in that he has not engaged in good faith efforts to resolve a discovery dispute before resorting to Court intervention. Under Rule 37, a party may move for an order compelling disclosure or discovery only upon certifying that the movant conferred or attempted to confer with the opposing party in an effort to obtain the discovery sought without court action. FED. R. CIV. P. 37(a)(1); L.R. 26.3. Even with a

certification, courts look to the substance of a movant's efforts. *See Lofton v. Wetzel*, No. 1:12-CV-1133, 2015 WL 5761918, at *2 (M.D. Pa. Sept. 29, 2015) (denying prisoner-plaintiff's motion to compel where he asserted good faith efforts to resolve discovery dispute but efforts undertaken solely by written correspondence "falls short" of obligation under the Federal Rules); *see also Cmty. Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp.*, No. 3:10–CV–1559, 2014 WL 1516152, at *3 (M.D. Pa. Apr. 15, 2014).

Here, Plaintiff falls short on his obligations under both the Federal and Local Rules for establishing good faith efforts. Plaintiff repeatedly mentions his good faith participation in the discovery process. (Doc. 140, ¶¶ 4, 12, 25). However, he has not certified a good faith attempt to resolve the present discovery dispute without court action, nor has he provided any evidence of an attempted resolution. Much like in *Lofton*, where the plaintiff submitted discovery requests far exceeding customary limits imposed by the Federal Rules then sought to compel responses to unsatisfactory answers, Plaintiff here asks the Court to compel new responses to prior answers he deems evasive. The correctional system employee Defendants in *Lofton* responded to Lofton's initial discovery submission and felt his subsequent efforts merely repeated prior requests. *Lofton*, 2015 WL 5761918 at *2. The Defendants in this case responded to Plaintiff's initial discovery submission and characterized the second as "duplicative." (Doc. 142, at 7). The *Lofton* court found movant did not carry his burden to show good faith efforts to resolve a discovery dispute despite written communications directed to opposing counsel. *Lofton*, 2015 WL 5761818 at *2. In a situation factually similar to *Lofton*, Plaintiff failed to undertake even

minimal efforts to resolve the dispute in question.[1] The Court finds that the Plaintiff has not met the burden of good faith out of court resolution efforts imposed upon a movant to compel discovery responses under Rule 37 or Local Rule 26.3. Accordingly, Plaintiff's motion to compel is **DENIED**.

## II.   MOTION FOR DEFENDANTS TO PAY PLAINTIFF'S EXPENSES

Plaintiff also moves for Defendants to pay Plaintiff's expenses in connection with his motion to compel. This motion is likewise **DENIED**. While Plaintiff's motion for expenses is denied, this Court must also consider mandating Plaintiff pay Defendants' expenses under Rule 37 *sua sponte*. Where a motion to compel is denied, a court must require payment by the movant to the opposing party for reasonable expenses, unless the motion "was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5). As Plaintiff's motion is denied, this Court must require payment by Plaintiff to Defendant for the expenses incurred, unless Plaintiff's motion was justified or other circumstances dictate otherwise. Given Plaintiff's incarceration limiting available resources and Defendants' unresponsiveness to the pending discovery request, the Court finds an award of expenses for the present motion unjust. Each party bears its own costs.

## III.   MOTION FOR SANCTIONS FOR DEFENDANTS' FAILURE TO PROVIDE PLAINTIFF DISCOVERY

Turning to Plaintiff's motion for sanctions for Defendants' failure to provide Plaintiff discovery, Plaintiff has not adequately supported grounds for sanctions. Plaintiff contends Defendants provided insufficient "minute discovery disclosures" (Doc. 140, ¶ 16) in violation of

---

[1] Plaintiff's failure to establish good faith efforts at resolution should not be construed as an excuse for Defendants' present inaction. Parties are not excused from their obligation to respond in some capacity to a discovery request simply because they deem it frivolous.

Rule 26. Rule 26 requires initial disclosures to be made by the parties, except where exempted by Rule 26(a)(1)(B). FED. R. CIV. P. 26(a)(1)(A). Under Rule 26(a)(1)(B), an action "brought without an attorney by a person in the custody of the United States, a state, or subdivision" is considered a proceeding exempt from initial disclosures. FED. R. CIV. P. 26(a)(1)(B)(iv); s*ee also In re Jackson*, 445 F. App'x. 586, 588 (3d Cir. 2011) (stating an "action brought *pro se* by person in federal or state custody is exempt from initial disclosure"). Plaintiff is a prisoner incarcerated at SCI-Rockview under state custody. He filed the present action unrepresented and has proceeded *pro se* throughout. This action thus falls under the *pro se* prisoner exception to the initial disclosures requirement. Therefore, the insufficiency of Rule 26 disclosures by the Defendant is irrelevant, as none were required.

Plaintiff further states the Defendants "failed to answer plaintiff's discovery requests and file legitimate objections to the remaining discovery requests," and seeks sanctions as a result. (Doc. 140). A court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." FED. R. CIV. P. 37(d)(1)(A)(ii). "A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." FED. R. CIV. P. 37(d)(1)(B). As this Court previously noted in regard to his motion to compel, Plaintiff's failure to certify and evidence good faith

efforts is also fatal to his motion for sanctions.[2] Plaintiff's motion for sanctions for Defendant's failure to provide Plaintiff discovery is hereby **DENIED**.

### IV. MOTION FOR SANCTIONS FOR DEFENDANTS' REFUSAL TO COMPLY WITH THIS COURT'S ORDER

Next, Plaintiff moves for sanctions for Defendants' refusal to comply with this Court's Order granting an Extension of Time to Answer Plaintiff's Discovery, dated June 20, 2016. (Doc. 132). This Order pertained to an extensive discovery request by the Plaintiff, dated May 20, 2016. (Doc. 131). The Court granted an additional 30 days to respond, making the deadline July 20, 2016. (Doc. 132). Plaintiff provided further discovery requests on June 23, 2016, and July 11, 2016, neither of which were subject to the terms of the Order referenced. Defendant provided evidence in support of their opposition to the present set of motions of a July 25, 2016 response to Plaintiff's discovery request, as well as a supplemental response dated August 3, 2016. (Doc. 142, Ex. A).

While the Defendants technically did not serve a response that adhered to the deadlines imposed by the Order, sanctions are not appropriate. A court may issue appropriate sanctions for a party's failure to obey a court order to provide discovery. FED. R. CIV. P. 37(b)(2). This permissive standard allows a court to make a judgment call regarding the appropriateness of sanctions. Given the minimal delay in Defendants' responses, sanctions are not warranted at

---

[2] While sanctions are not appropriate, the Court takes this opportunity to further expand upon Rule 37(d). "A failure [to respond] described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." FED. R. CIV. P. 37(d)(2). Here, the Defendants argue in their opposition to Plaintiff's motion that the additional discovery requests ignored are "simply duplicative, cumulative and unnecessary in light of the previous response." (Doc. 142, at 7). Rule 37(d)(2) does not permit unresponsiveness—even to objectionable requests—absent a pending motion for a protective order.

this time, as there is no evidence of bad faith or prejudice in the delay. To the extent Plaintiff believes sanctions are appropriate for evasive or incomplete disclosures, he is directed to undertake efforts to resolve those issues by addressing specific examples with the Defendants articulating their alleged failures. Accordingly, Plaintiff's motion for sanctions for Defendants' refusal to comply with this Court's Order is **DENIED**.

### V. MOTION FOR CONTEMPT OF COURT AND DEFAULT JUDGMENT[3]

Finally, Plaintiff has also filed a motion for contempt of court and default judgment.[4] Federal Rule of Civil Procedure 37 provides for a wide range of sanctions that may be imposed for a party's failure to comply with discovery obligations, "including discretion to deem facts as established, bar evidence, strike or dismiss pleadings, enter a default judgment, and find a party in contempt." *Wachtel v. Health Net. Inc.*, 239 F.R.D. 81, 84 (D. N.J. 2006). "The choice of the appropriate sanction is committed to the sound discretion of the district court." *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988). If a court finds sanctions warranted, the court must make factual findings to justify such an award. *See Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186–87 (3d Cir. 2003) (finding that the district court abused its discretion in imposing sanctions against defense counsel where the court made no explicit findings of misconduct, and the record did not support such a finding). This Court has found no specific

---

[3] While contempt of court and default judgment are sanctions contained in Rule 37—the same Rule the Court found did not permit miscellaneous relief to the Plaintiff in subheadings III and IV of this memorandum—the Court addresses these sanctions separately due to the specific motion by Plaintiff.

[4] The Plaintiff is advised that default judgment is a last resort, not a first response of the courts. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions, termed "extreme" by the Supreme Court, and are to be reserved for comparable cases." (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976))).

- 7 -

instances of misconduct articulated in this motion or otherwise warranting sanctions. Accordingly, Plaintiff's motion for contempt of court and default judgment is hereby **DENIED**.

An appropriate Order follows.

**Dated: September 19, 2016**                                    *s/ Karoline Mehalchick*
                                                                  **KAROLINE MEHALCHICK**
                                                                  **United States Magistrate Judge**