UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE DOUGLAS MANNING, <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS HERMAN, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:13-cv-01426 <br><br> (JONES, J.) <br> (MEHALCHICK, M.J.) |

## MEMORANDUM

Pending before the Court is *pro se* Plaintiff Eugene Douglas Manning's motion for Court-issued subpoenas and clarification of the authenticity of medical records in his possession. (Doc. 168). Manning, an inmate at SCI-Benner, initiated the present suit under 42 U.S.C. § 1983 for injuries allegedly suffered due to the unnecessary use of force by prison guards during his transfer to a new cell. In the present motion, Manning seeks nine subpoenas directed to various nonparty medical care providers for his medical records, six subpoenas relating to discovery requests he deems insufficiently answered, and a clarification of the authenticity requirements of medical records already received.

I. **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

Manning initiated the instant action on May 29, 2013, alleging he sustained injuries inflicted by prison guards during a cell transfer. (Doc. 1). Originally seeking redress from Defendants too numerous to list here, Manning's claims have been reduced to First and Fourteenth Amendment claims against Correctional Officer ("C/O") Defendants Mills and Staley, in addition to Fourteenth Amendment and intentional infliction of emotional distress claims against Defendant C/O Morrow. (Doc. 114). The parties have engaged in

lengthy discovery, with Manning filing motions to compel discovery answers to nonparties (Doc. 137; Doc. 141) and Defendants (Doc. 140), and also attempting to quash subpoenas directed to nonparties by the Defendants (Doc. 143). Manning asserted that the Defendants provided insufficient and evasive discovery responses, and eventually stopped responding altogether. (Doc. 140). All of these motions were denied, primarily due to a lack of proof that Manning had engaged in good faith attempts to resolve these disputes prior to resorting to a motion to compel. (Doc. 159; Doc. 162). Given the extensive and duplicative discovery requests by Manning, the Court entered a protective order in favor of the Defendants on October 17, 2016. (Doc. 173).

## II. "MOTION FOR NINE SUBPOENAS FOR PLAINTIFF'S CERTIFIED MEDICAL RECORDS"

Manning seeks nine subpoenas addressed to various medical providers who have treated him over the years. These include pre-incarceration and prison-contracted medical providers. In the interest of brevity, the intended subpoena recipients are not discussed individually here, except where necessary, as the nature of the motion does not require individualized analysis. In all cases, Manning requests medical records relating to treatment he received leading up to and after the injury at the heart of his suit.

None of the medical providers are parties to this action—though one, PrimeCare Medical—was a named Defendant at earlier stages of this suit. Rule 45 of the Federal Rules of Civil Procedure sets forth the requirements for discovery directed to individuals and entities that are not parties to the underlying suit through the use of a subpoena. Production of documents from a nonparty for discovery purposes can be compelled "only by a subpoena *duces tecum* issued under Rule 45(d)(1)." *Badman v. Stark*, 139 F.R.D. 601, 603 (M.D. Pa. Aug. 2, 1991) (quoting *United States v. Allen*, 578 F. Supp. 468, 472 (W.D. Wis.

1982)). A court's broad discretion in discovery also extends to decisions regarding whether to issue subpoenas to *pro se* litigants. *Gay v. Petsock*, 917 F.2d 768, 773 (3d Cir. 1990). Subpoenas served in accordance with Rule 45 must fall within the scope of discovery set forth in Rule 26(b)(1). The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Courts generally construe relevance in discovery matters broadly. *See Oppenheimer Fund, Inc. v. Saunders*, 437 U.S. 340, 351 (1978). As Manning's medical condition is undoubtedly relevant to the case at hand, these subpoenas of medical records could lead to potentially admissible evidence at trial. Accordingly, the requested subpoenas facially appear to target relevant information within the scope of Rule 26.

Manning, as the moving party, remains responsible for the costs for the service and compliance with the subpoenas. A nonparty shall not suffer the financial burden of compliance with a subpoena *duces tecum*. *See Badman*, 139 F.R.D. at 605. Manning avers that he is willing and able to front the costs of obtaining the requested documents. Manning is reminded that he is ultimately responsible for any fees charged in attempting to obtain copies of the desired documents, to be collected in the manner prescribed by the recipients of each subpoena.

The Clerk of Court will be directed to issue a subpoena to Manning for his use in discovery. The Clerk of Court will complete the caption and the civil action number on the blank subpoena form. Manning must complete the subpoena form and then serve it in

accordance with Rule 45(b), and must file a certificate of service with the Court for any subpoena served.[1] If he fails to use the subpoena, he must return it to the Clerk of Court within ten (10) days of the close of discovery.

### III. "MOTION FOR CLARIFICATION AS TO ALREADY AUTHENTICATED MEDICAL RECORDS"

Turning next to Manning's "motion for clarification as to already authenticated medical records," Manning requests the Court render a judgment as to the authenticity of medical records received from Dr. Go. However, the Court deems such a judgment to be inappropriate. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901(a). Courts can only decide whether a prima facie showing of authenticity has been made and, once satisfied, "the evidence goes to the jury and it is the jury who will ultimately determine the authenticity of the evidence, not the court." *U.S. v. McGlory*, 968 F.2d 309, 328-29 (3d Cir. 1992) (quoting *Link v. Mercedes-Benz of North America*, 788 F.2d 918, 928 (3d Cir. 1986). Therefore, the only authenticity judgment a Court can make is whether a prima facie showing of authenticity has been made out. Such a judgment would require some evidence that the document is what the proponent claims it is and that a reasonable juror "could infer that the document was authentic." *McGlory*, 968 F.2d at 329. In support of his motion, Manning provided the

---

[1] Manning is reminded that under FED. R. CIV. P. 45(b)(1), if he wishes to serve a subpoena on a nonparty and requests the production of documents, notice must be served on each party before the subpoena is served.

records he seeks to have authenticated with the "authorization for release of information form" submitted to the medical records department of SCI-Benner, where Dr. Go treated him. While this may prove sufficient to establish a prima facie showing of authenticity for the purposes of summary judgment, the Court cannot render ultimate judgment on the authenticity of the evidence, as Manning requests. In any case, no summary judgment motion is currently pending, and thus any decision as to the authenticity of evidence used to defeat a summary judgment motion would be premature. Accordingly, his motion is denied.

**IV.   "MOTION FOR SIX ADDITIONAL FEDERAL COURT ISSUED SUBPOENAS FOR PLAINTIFF'S NEEDED DISCOVERY"**

Lastly, Manning requests six Court-issued subpoenas directed to: (1) the Franklin County Jail, Defendants' employer, in order to obtain information about them; (2) "TJA," who Manning alleges trained the Defendants in the use of necessary force; (3) the "DOC Academy" where Defendants received instruction material for the training; (4) Defendant Morrow; (5) Defendant Mills; and (6) Defendant Staley.

As a preliminary matter, the subpoena requests directed to Defendants Morrow, Mills, and Staley are improper. Rule 45 provides for the Court to issue subpoenas upon nonparties, not Defendants. FED. R. CIV. P. 45. To the extent Manning seeks information from the Defendants to this action, he must use the proper channels of discovery. Noting that a protective order is in place, Manning must request leave of Court before any further discovery may be effectuated upon the Defendants. Manning's rationale for these subpoenas centers upon discovery answers by the Defendants that he deems evasive. As explained in prior Orders regarding Manning's discovery requests, to the extent he believes Defendants provided evasive discovery answers, he must in good faith attempt to resolve these issues

without Court intervention, and, only upon a showing thereof, may file a motion to compel. Rule 45 does not permit the use of Court-issued subpoenas to circumvent the rules of discovery and accordingly the issuance of subpoenas upon a party to this action would be improper.

The motion for subpoenas to be directed to the Franklin County Jail, TJA, and DOC Academy must also be denied. Under Rule 45(d), a "[p]arty responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." In the explanation for the necessity of a subpoena, Manning outlines the same rationale as for the subpoenas intended for the Defendants themselves. The justification for these subpoenas is the perceived insufficiency of discovery answers by the Defendants. In the subpoena requests, Manning seeks the same information from nonparty designees as he requests from parties to the case. Because this information appears to be available from sources already involved in this case, imposing a Court-issued subpoena on nonparties would prove unduly burdensome. The Court finds the imposition of a subpoena upon the nonparties Franklin County Jail, TJA, and Doc Academy to constitute an undue burden, given the nature of the information sought. Accordingly, Manning's motion for six subpoenas related to discovery is denied.

V. **CONCLUSION**

An appropriate Order will follow.

Dated: October 21, 2016

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**