## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE DOUGLAS MANNING,<br><br>               Plaintiff,<br><br>    v.<br><br>DOUGLAS HERMAN, et al.,<br><br>               Defendants. | CIVIL ACTION NO. 1:13-CV-01426<br><br>(JONES, J.)<br>(MEHALCHICK, M.J.) |

### MEMORANDUM

Before the Court is a motion for a protective order filed by Defendants Morrow, Mills, and Staley. (Doc. 190). The Defendants previously moved for entry of a protective order in response to "voluminous" discovery requests received from *pro se* Plaintiff Eugene Douglas Manning, which was granted on October 17, 2016. (Doc. 167; Doc. 173). In response, Manning requested nine court-issued subpoenas to obtain medical records from third-party medical providers, clarification on the admissibility of already obtained medical records, and six subpoenas intended for discovery to be served upon the Defendants and related third parties. (Doc. 168). The Court granted the subpoenas for third party medical providers but denied issuance of subpoenas intended for the Defendants and Franklin County prison. (Doc. 174; Doc. 175).

I. **STANDARD**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). "Rule 26(c) authorizes a court to issue a protective order where justice so requires and upon good cause shown. The party seeking a

protective order bears the burden of demonstrating the 'good cause' required to support such an order." *Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co.*, 136 F.R.D. 385, 391 (E.D. Pa. 1991). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). The decision of whether or not to grant a protective order pursuant to Rule 26(c) rests in the sound discretion of the trial court. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

**II. DISCUSSION**

On November 9, 2016, Manning moved to serve written discovery on the Defendants in order to obtain the legal names of the remaining Defendants. (Doc. 180). The Court granted his motion and ordered the Defendants to provide him with their legal names. (Doc. 187). In their instant motion, the Defendants assert that following compliance with this Order, Manning resubmitted discovery requests previously answered in a manner Manning deemed inadequate. (Doc. 191). Additionally, they stated that Manning served a subpoena on the Franklin County jail, seeking information already provided and various other requests. (Doc. 191-12).

The Court's Order granting Manning's motion to serve written discovery related ONLY to the legal names of the Defendants and did NOT authorize the resubmission of previously offered discovery requests. As stated in the October 17, 2016 entry of a protective order, Manning must seek leave of court before service of discovery on the Defendants. (Doc. 173). While Manning did file a motion to serve written discovery, the Court's Order granting Manning's motion was not an open invitation to refile old discovery requests, but provided only for submission of discovery tailored to obtaining the names of the Defendants which was the entirety of Manning's supporting argument.

In the October 21, 2016 Memorandum explaining the denial of Manning's motion for subpoenas, the Court explained that "to the extent [Manning] believes Defendants provided evasive discovery answers, he must in good faith attempt to resolve these issues without Court intervention, and, only upon a showing thereof, may file a motion to compel." (Doc. 174, a 5-6). This remains the case. The Court has no reason to doubt Manning's efforts to resolve the discovery dispute prior to seeking Court intervention. However, at no point has he filed a motion to compel or a motion with similar effect. The prior orders of the Court did not authorize resending hundreds of pages of discovery requests already answered, even if Manning is dissatisfied with the response provided, as a means of obtaining information he seeks.

The specific instances of evasive answers identified by Manning related exclusively to the legal names of the Defendants. (Doc. 180, at 13-14, 16). Nowhere in Manning's motion to serve written discovery is a statement notifying the Court of his desire to file a request for admissions, request for production of documents, or interrogatories deviating from that specific deficiency. Accordingly, the Court finds the service of further written discovery outside of the scope provided to be improper, and a protective order warranted. Thus, the Defendants' motion is **GRANTED**. The Defendants are not obligated to respond to the discovery requests submitted outside the scope of this Court's prior Order on the matter. To the extent Manning seeks to serve additional discovery, he **MUST** seek Court leave, which includes providing the discovery request to be sent for review so as to avoid further confusion, litigation, and burden on both parties.

Defendants also request that this Court declare future subpoenas issued to the Defendants, the Franklin County jail and/or Franklin County and/or its employees, agents or servants, "invalid" and without requiring response. (Doc. 195, at 7). This comes as a result of a

draft subpoena provided by Manning (Doc. 190-12), which upon briefing has been identified as unserved. (Doc. 195, at 7). Originally, the Defendants requested that the Court quash Manning's subpoena for "blatant disregard of this Court's Order." (Doc. 190, at 5-6). While a moot point at this juncture, in order to reduce future litigation, the Court reiterates the requirements of Rule 45.

Under Rule 45 of the Federal Rules of Civil Procedure, "the court for the district where compliance [with a subpoena] is required must quash or modify a subpoena" upon presentation of any one of four grounds. FED. R. CIV. P. 45(d)(3). Factual assertions raised in briefings identify two of these as relevant. The court must quash or modify a subpoena that requires disclosure of "privileged or other protected matter, if no exception or waiver applies; or, subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(iii)-(iv). However, it is the non-party recipient that is entitled to raise these objections, not the Defendants. *See Behne v. Halstead*, No. 1:13-CV-0056, 2014 WL 4672486, at *3 (M.D. Pa. Sep. 18, 2014) (citing *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434-35 (E.D. Pa. 2001)). As noted by the Defendants in their brief in support, should Manning issue a subpoena like the one in question, notice must be provided to the opposing party *prior* to service of the subpoena in order to provide notice and time to object. *See* Fed. R. Civ. P. 45(a)(4); *see generally CedarCrestone, Inc., v. Affiliated Computer Serv's., LLC.*, No. 1:14-MC-0298, 2014 WL 3055355, at *6 (M.D. Pa. July 3, 2014). Because of the hypothetical nature of the Defendants' concerns, the Court declines to declare all subpoenas invalid. All parties are to keep in mind the preceding procedural restrictions regarding issuance of subpoenas.

Lastly, the Defendants assert Manning has attempted to use discovery to obtain copies of the deposition transcripts at no cost. (Doc. 190, at 5). Manning denies this attempt to

circumvent the rules of discovery, and states that he has offered to pay both the court reporter and Defendants the costs associated with providing the transcripts. (Doc. 194, at 9-10). Manning has helpfully attached letters he sent to both regarding the transcripts. (Doc. 194, at 66-72). Manning plainly has offered to pay the court reporter, however a review of his letter to the Defendants does not contain similar language. The Defendants are correct that the rules of discovery should not be used to shift the costs of production to one party. The Court at this time advises that the Defendants are not obligated to provide the deposition transcripts at no cost. Given Manning's indicated willingness to pay for the service, the parties are encouraged to attempt amicable resolution, should Manning's attempts to pay the court reporter for their services fail to rectify the issue.

  An appropriate Order follows.

Dated: March 10, 2017              *s/ Karoline Mehalchick*
                              **KAROLINE MEHALCHICK**
                              **United States Magistrate Judge**